[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11753
Non-Argument Calendar

_____

BIA Agency No. A96-021-554

JING HUI CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 16, 2005)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Jing Hui Chen, a native and citizen of China, petitions for review of the final

order by the Board of Immigration Appeals ("BIA") adopting and affirming the immigration judge's ("IJ's") final order denying asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and denying relief under the United Nations Convention Against Torture ("CAT"). On appeal, Chen argues that the IJ denied him his due process rights to a full and fair hearing by not providing required oral advice and that the IJ abused his discretion by denying Chen's motion for change of venue. In addition, Chen argues that the evidence does not support the IJ's adverse credibility findings, and that there was substantial evidence from which to find that Chen was eligible for asylum, withholding of removal, and relief under the CAT. We deny his petition.

## I.

Chen claims that the IJ failed to satisfy the procedural requirements of his immigration proceedings by not giving him certain oral advice. This is essentially a due process claim. We review constitutional claims de novo. Lonyem v. U. S. Attorney Gen., 352 F.3d 1338, 1341 (11th Cir. 2003) (reviewing an alien's motion to reopen his in absentia removal hearing). We held in Lonyem that "[t]o establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." Id. at 1341-42; see also Gonzalez-Oropeza v. United States Attorney Gen., 321 F.3d 1331, 1333 (11th Cir. 2003). To establish

2

substantial prejudice a claimant is required to show that the result would have been different. See Patel v. U. S. Attorney Gen., 334 F.3d 1259, 1263 (11th Cir. 2003); Ibrahim v. INS, 821 F.2d 1547, 1550 (11th Cir. 1987).

Chen has failed to show that he was substantially prejudiced as a result of any error. The IJ did inform Chen as to the removability charges against him in non-technical language at his first appearance. Chen also argues that the IJ did not ask for his plea, but Chen conceded that he was removable in his motion for change of venue. As to other advice, Chen was represented by counsel, who did not object to the failure to give it. More importantly, Chen does not argue that the outcome of his removal hearing would have been different if the advice had been given. Therefore, Chen has not shown that he was substantially prejudiced, and his due process claim fails. See Patel, 334 F.3d at 1263.

## II.

Chen also argues that the IJ abused his discretion in denying his motion to change venue. An immigration judge may change venue for "good cause" upon motion by one of the parties. 8 C.F.R. § 1003.20(b). "In determining whether to grant [a change of venue] motion, an immigration judge usually considers such factors as, inter alia, administrative convenience, expeditious treatment of the case, the location of the witnesses, and the costs of transporting witnesses or evidence to a new situs." Matter of Velasquez, 19 I&N Dec. 377, 382-83 (BIA 1986).

Chen's only statements to support his motion were that he was living in New York and that he and the witnesses would suffer undue hardship if the hearing was held in Miami. He never explained what witnesses he had or what testimony they might give. Chen was also able to obtain local counsel in Florida. The IJ found that Chen had presented no evidence to overcome the district director's choice of venue.

Because Chen has failed to show that there was good cause for a change in venue, the IJ did not abuse his discretion when he denied Chen's motion.

**III.**

Chen argues that the BIA's and IJ's adverse credibility determination is not supported by the evidence and that he established eligibility for asylum based on past persecution because of his wife's forced sterilization and a well-founded fear of persecution because of his Falun Gong membership. When the BIA issues a decision, we review only that decision, "except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the Board adopts the IJ's reasoning, [this Court] review[s] the IJ's decision as well." Id. In this case, the BIA expressly adopted the IJ's decision with regard to the denial of Chen's claims for asylum, withholding of removal under the INA, and protection under the CAT. Accordingly, we have considered the IJ's decision as well as the BIA's opinion.

4

To the extent that the decisions of the BIA and IJ were based on a legal determination, we review de novo. D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 817 (11th Cir. 2004). We review factual determinations under the substantial evidence test and "must affirm the BIA's [and IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted). A finding of fact will be reversed "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), cert. denied, 125 S. Ct. 2245 (2005).

An alien who arrives in, or is present in, the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1).[1] The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is

---

[1] Amendments to this section by § 101(a)(3) of the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, 303, do not apply to this petition because the final order in this case was entered on March 1, 2005, before § 101(a)(3) took effect in May 2005. See The REAL ID Act § 101(h)(2), 119 Stat. at 305.

5

unable or unwilling to avail himself or herself of the protection of,
that country because of persecution or a well-founded fear of
persecution on account of race, religion, nationality, membership in a
particular social group, or political opinion . . . .

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant has the

burden of proving "refugee" status. D-Muhumed, 388 F.3d at 818.

To establish asylum eligibility, the petitioner must, with specific and

credible evidence, demonstrate (1) past persecution on account of a statutorily

listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause

future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. "The

testimony of the applicant, if credible, may be sufficient to sustain the burden of

proof without corroboration." 8 C.F.R. § 208.13(a). The IJ is entitled to require

corroboration where he provides cogent reasons for an adverse credibility finding,

and that finding is supported by substantial evidence. See D-Muhumed, 388 F.3d

at 818-19.

A credibility determination,[2] like other factual findings, is reviewed under

the substantial evidence test. D-Muhumed, 388 F.3d at 818. An adverse

---

[2] The REAL ID Act of 2005 amended the law regarding credibility determinations by adding INA §§ 208(b)(3)(B)(iii), 240(c)(4)(C), 8 U.S.C. §§ 1158(b)(3)(B)(iii), 1229a(c)(4)(C). Section 101(a)(3) and (d), Pub. L. No. 109-13, 119 Stat. 231, 303, 304-05. The Act states, however, that these provisions "shall apply to applications for asylum, withholding, or other relief from removal made on or after" the date of enactment of the act, May 11, 2005. Pub. L. No. 109-13, 119 Stat. at 305. Therefore, because Chen's application for asylum was filed before May 11, 2005, these provisions do not apply in this case.

credibility determination alone may be sufficient to support the denial of an asylum application, so long as the IJ offers "specific, cogent reasons for an adverse credibility finding" and does not overlook other evidence produced by the asylum applicant.  Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).  "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence."  Id. (quotations and citations omitted).

The IJ noted several inconsistencies in Chen's statements:  (1) he failed to mention the forced sterilization at both his initial interview and credible fear hearing, (2) he did not provide testimony about his participation in Falun Gong, and (3) he did not know the countries through which he traveled on his way to the United States.  Chen's response to the IJ's findings regarding his failures to mention the forced sterilization and to provide testimony about his participation in Falun Gong is that he was not asked the right questions.  Chen also notes his lack of education and the fact that he was extremely nervous when answering the questions.  Chen's explanations do not satisfy his burden of producing specific and credible evidence to show that the IJ's adverse credibility determination is not supported by substantial evidence.

In response to this adverse credibility determination, Chen was unable to

7

offer sufficient corroborative evidence to demonstrate that he is a refugee. Chen's only testimony concerning Falun Gong was that "Falun Gong teach us Jing, Xu, Ru. Translate, Jing [] means truthfulness. Xu means kindness, Ru means tireless." The only document supplied regarding Falun Gong was provided by the government. Chen's only evidence of his wife's forced sterilization was a certificate showing that his wife had "female sterilization surgery." There was no indication on the certificate that it was forced or mandated by the government. Accordingly, Chen has not met his burden of proof.

The IJ presented specific, cogent reasons for his adverse credibility finding and these reasons are supported by substantial evidence in the record. Chen has not responded with sufficient corroborative evidence to prove that he is a refugee. Therefore, because Chen failed to provide specific and credible evidence demonstrating past persecution or a well-founded fear of future persecution, substantial evidence supports the BIA's and IJ's conclusion that Chen failed to meet his burden of proof to establish his eligibility for asylum. Nothing in the record compels us to reverse this finding.

**IV.**

Chen also argues that he is eligible for withholding of removal and CAT

relief.[3]  The burden of proof for an applicant for withholding of removal under the INA and CAT relief is higher than the burden imposed on an asylum applicant.  Al Najjar, 257 F.3d at 1292–93, 1303-04; see also Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005 ).  Accordingly, because we affirm the BIA's conclusion that Chen failed to establish a well-founded fear of persecution in order to be entitled to asylum, we also affirm the denial of withholding of removal and CAT relief.

**PETITION DENIED.**

---

[3]The government argues that this Court lacks jurisdiction to consider the CAT claim because Chen did not raise this issue on appeal to the BIA and, therefore, did not exhaust his administrative remedies.  Although Chen failed to raise the issue in his notice of appeal to the BIA, Chen stated in his brief in support of appeal that the "IJ erred in the January 15, 2004 decision denying his claim for political asylum, for withholding of removal under Section 241(b)(3) of the [INA] and relief under the Convention against Torture."