United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-60574

———————————

MANUEL BERMUDES-CARDENAS,
also known as Manuel Cardenas-Bermudez,

Petitioner,

versus

ALBERTO R. GONZALES,
U.S. Attorney General,

Respondent.

--------------------
Petition for Review of an Order of
the Board of Immigration Appeals
--------------------

Before SMITH, WIENER, and STEWART, Circuit Judges.

PER CURIAM[*]:

Petitioner Manuel Bermudes-Cardenas ("Cardenas") seeks review
of the Board of Immigration Appeals's ("BIA") order denying his May
6, 2004, motion to reopen his removal proceedings. As we lack
jurisdiction to consider one of the three claims on all of which
Cardenas must prevail to be entitled to relief, we deny review.

## I. FACTS AND PROCEEDINGS

Cardenas is a native and citizen of Mexico who has lived in
the United States as a lawful permanent resident since 1978. In

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2000, the former Immigration and Naturalization Service charged him with being removable as an aggravated felon under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA").[1] Cardenas appeared before an Immigration Judge ("IJ") in December 2002, where he admitted his removability but asserted his intention to apply for discretionary relief from removal under the former §§ 212(c) and 245 of the INA.[2] The IJ gave Cardenas until March 28, 2003, to file his applications for §§ 212(c) and 245 relief with the court. The IJ informed Cardenas that if he failed to file his applications by that date, "they will likely be considered abandoned."

That deadline came and went without Cardenas's filing of his applications for relief. True to his word, the IJ deemed Cardenas's unfiled applications to be abandoned and, on March 31, 2003, ordered Cardenas removed from the United States. Cardenas appealed the IJ's decision to the BIA, which affirmed the IJ and issued a final order of removal on October 16, 2003.

Nothing transpired in this case until January 2004, when Cardenas received a "bag and baggage" letter directing him to

---

[1] 8 U.S.C. § 1227(a)(2)(A)(iii). Cardenas does not contest that his felony — a 1991 conviction in Texas state court for "indecency with a child — contact" — qualifies as an aggravated felony.

[2] Although the substance of these provisions is not important to the resolution of this case, §§ 212(c) and 245 provided an alien with avenues to seek, respectively, a waiver of the alien's inadmissibility and an adjustment of his immigration status.

report for his removal. Surprised by the letter, Cardenas met with his attorney, who, after telling Cardenas that he would take care of any problems with his immigration status, filed on February 14, 2004, a motion to reopen Cardenas's removal proceedings before the IJ. The IJ denied the motion, reasoning that Cardenas had filed it in the wrong forum — the IJ, as opposed to the BIA. Cardenas's attorney then sought out the proper forum, and, on March 16, 2004, purported to file with the BIA on Cardenas's behalf a motion to reopen Cardenas's removal proceedings. The BIA, however, rejected this motion to reopen as untimely. It reasoned that, as the motion sought to reopen the BIA's final removal order issued against Cardenas on October 16, 2003, the INA's and BIA's 90-day time limit within which to file a motion to reopen had already run.[3]

According to Cardenas, however, the March 16th motion to reopen was filed without his authority. Cardenas insists that on March 15, 2004 — one day before the March 16th motion was filed — he had fired his attorney and hired new counsel to represent him in these proceedings. Therefore, Cardenas contends, as of the filing of the March 16th motion, his newly-fired attorney did not have authority to act on his behalf.

Represented by new counsel, Cardenas returned to the BIA on May 6, 2004, and filed with it the new motion to reopen that is at issue in this appeal. In his May 6th motion, Cardenas argued that

---

[3] See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

-3-

the BIA should reopen his removal proceedings because his failure timely to file his applications for §§ 212(c) and 245 relief from removal was caused by the allegedly ineffective assistance of his former counsel.

The BIA denied Cardenas's May 6th motion to reopen on three independent grounds. First, the BIA held that the motion was untimely because it was filed more than 90 days after Cardenas's removal order became final on October 16, 2003. Second, the BIA held that the motion was numerically barred by the one-motion-to-reopen rule of 8 C.F.R. § 1003.2(c)(2) and 8 U.S.C. § 1229a(c)(7)(A).[4] Finally, the BIA held that, even if it were to overlook the procedural problems with the May 6th motion, that motion would fail on its merits, because Cardenas had not demonstrated that his former attorney's allegedly ineffective assistance caused him to miss the deadline for his §§ 212(c) and 245 applications.

Cardenas timely petitioned us for review of the BIA's denial of his May 6th motion to reopen.

## II. ANALYSIS

The BIA denied Cardenas's May 6th motion to reopen on three adequate and independent grounds. For Cardenas to prevail in this appeal, then, he must successfully attack each of these grounds; if

---

[4] With certain exceptions not relevant here, 8 U.S.C. § 1229a(c)(7)(A) and 8 C.F.R. § 1003.2(c)(2) permit an alien to file just one motion to reopen his removal proceedings.

-4-

one attack fails, Cardenas will not be entitled to relief.  And Cardenas makes a valiant effort, arguing that the BIA erred, first, by concluding that the one-motion-to-reopen rule of 8 C.F.R. § 1003.2(c)(2) and 8 U.S.C. § 1229a(c)(7)(A) barred his May 6th motion; second, by holding his May 6th motion to reopen to be untimely; and, third, by denying his motion on its merits.  Despite his efforts, however, Cardenas cannot prevail: We lack jurisdiction to consider one of Cardenas's three claims, viz., that the BIA erred in its application of the one-motion rule.  We therefore need not address Cardenas's other two claims, and we deny review.

As a general rule, we have jurisdiction to consider a petition for review of the BIA's denial of a motion to reopen a final order of removal.  But that jurisdiction is not <u>explicitly</u> granted by Congress; rather, as we stated in our decision in <u>Assaad v. Ashcroft</u>, it is <u>derived from</u> and "'[i]mplicit in'" Congress's express grant of jurisdiction to consider petitions for review of removal orders themselves.[5]  In other words, the scope of our jurisdiction to review the BIA's treatment of a motion to <u>reopen</u> a final order of removal tracks our jurisdiction to review the final order of removal itself.  If one is curtailed, so is the other.[6]

---

[5] 378 F.3d 471, 474 (5th Cir. 2004) (quoting <u>Patel v. U.S. Att'y Gen.</u>, 334 F.3d 1259, 1261 (11th Cir. 2003)) (emphasis added).

[6] <u>Id.</u>; <u>see also</u> <u>id.</u> at 474 (reasoning that "just as our power to review a final [removal] order is circumscribed by [8 U.S.C.] § 1252(a)(2)'s various jurisdiction-stripping provisions, our

-5-

In this context we further note that, if Cardenas were petitioning us for review of his actual removal order, we would lack jurisdiction to consider any of his claims that were not legal or constitutional in nature. This is so because Cardenas was ordered removed based on his aggravated felony conviction; and, under 8 U.S.C. § 1252(a)(2)(C) and (D), our jurisdiction to review removal orders based on an alien's commission of an aggravated felony is limited to "constitutional claims or questions of law."[7]

It follows under the rule of Assaad then that Congress's restriction of our jurisdiction to review an aggravated felon's removal order is extended one step further: It limits our jurisdiction to consider a petition for review of an aggravated felon's motion to reopen his removal proceedings to the constitutional and legal questions raised in that petition.

The jurisdictional question for Cardenas's case, then, is whether his claims present legal or constitutional questions. Only to the extent that they do would we have jurisdiction over his petition for review. And, even though two of Cardenas's three essential claims fall in the legal-or-constitutional category —

'jurisdiction to entertain an attack on that order mounted through filing . . . a motion to reopen' is equally curtailed") (quoting Patel, 334 F.3d at 1262). In practical terms, the rule of Assaad serves to prevent an end-run around the otherwise valid restrictions Congress has placed on our authority to review certain final orders of removal.

[7] See, e.g., Bustamante-Barrera v. Gonzales, —— F.3d ——, 2006 WL 1030325, at *3 (5th Cir. Apr. 20, 2006).

specifically, his equitable tolling and ineffective assistance of counsel claims —— his claim that the BIA erred in its application of the one-motion-to-reopen rule does not.

To challenge the BIA's application of the one-motion rule to his May 6th motion to reopen, Cardenas makes two arguments. First, he contends that the May 6th motion was not in fact a new motion to reopen; rather, it "was captioned as an amendment to the [March 16th] motion . . . , and is therefore not a second motion to reopen, but instead an amendment of the first."[8] Alternatively, Cardenas argues that the March 16th motion to reopen was "not a bona fide motion" because his fired attorney "failed to inform, much less procure consent from, Mr. Cardenas before filing the motion." Thus, Cardenas insists, the March 16th motion cannot be attributed to him for purposes of the one-motion rule.

Both of these arguments rest on purely factual —— not legal or constitutional —— foundations. The first argument presents the factual question whether Cardenas intended the May 6th motion to reopen to be an amendment to the March 16th motion. The second argument presents the factual question whether Cardenas's former attorney actually had the authority to file the March 16th motion to reopen on Cardenas's behalf. Because neither of Cardenas's arguments turns on a legal or constitutional question, the Assaad rule and 8 U.S.C. § 1252(a)(2)(C) work together to deprive

_____

[8] Emphasis added.

-7-

us of jurisdiction to consider Cardenas's claim that the BIA erred in its application of the one-motion rule.[9]

### III. CONCLUSION

As Cardenas must succeed on all three of his claims to be entitled to relief, and as we hold that we lack jurisdiction to review one of those three claims, we need not reach Cardenas's other two claims. The petition for review is DENIED. Cardenas's motion for reconsideration of the court's order of April 17, 2006, and his second motion to supplement the record on appeal are DENIED as moot.

---

[9] Cardenas contends that we have jurisdiction over his entire petition for review because he "is not specifically challenging the <u>merits</u>" of his removal order. (Emphasis added.) Stated otherwise, Cardenas believes that § 1252(a)(2)(C)'s stripping of jurisdiction over removal orders issued against aggravated felon aliens ⸺ and, by extension, <u>Assaad</u>'s stripping of jurisdiction over motions to reopen filed by such aliens ⸺ applies only if the alien's petition challenges the BIA's finding that the alien is in fact removable. As Cardenas's petition does not challenge the <u>fact</u> of his removability ⸺ indeed, he conceded it ⸺ Cardenas claims that we retain jurisdiction.

We disagree. Cardenas understates the extent to which § 1252(a)(2)(C) strips the federal courts of jurisdiction to consider petitions for review filed by criminal aliens. Under that provision, the federal courts simply <u>do not have</u> jurisdiction over most of such an alien's claims, <u>regardless</u> of whether the alien is challenging the BIA's finding of removability. <u>See Hernandez-Castillo v. Moore</u>, 436 F.3d 516, 518 (5th Cir. 2005) (noting that § 1252(a)(2)(C) "preclude[s] all judicial review . . . where a removal order is based on, <u>inter alia</u>, the alien's commission of an aggravated felony").