[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11318
Non-Argument Calendar

_____

Agency Nos. A79-437-292
A79-437-293

ANTON TINAJ,
GENTIANA TINAJ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 18, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

On March 12, 2002, Anton Tinaj and his wife, Gentiana, natives and

citizens of Albania, tried to enter the United States using photo-substituted Slovenian passports. The Immigration and Naturalization Service served them with a notice to appear, charging them with removability for attempting to enter the United States by fraud or by willfully misrepresenting a material fact. The couple admitted to the charges and conceded removability.

Tinaj, on behalf of himself and his wife, applied for asylum under the Immigration and Nationality Act (INA) and withholding of removal under the INA and the United Nations Convention Against Torture (CAT). Tinaj alleged that while living in Albania, he was beaten and threatened by the Socialist Party for his participation in the Democratic Party. In support of his allegation, he submitted his purported Democratic Party membership card and documents from the Democratic Party, Institution for the Ex-Politically Persecuted, and the Public Health Directory.

On March 24, 2003, an immigration judge (IJ) denied Tinaj all relief. The IJ found that Tinaj had failed to establish that he was statutorily eligible for asylum or withholding of removal. The IJ noted that although the documents were allegedly completed by three different organizations, the Immigration Service Forensics Unit had determined that they were all prepared on the same typewriter. The IJ indicated that he did not believe the explanation Tinaj offered that all three

2

organizations sent their documents to the district counsel's office for typing because none of them owned a typewriter. The IJ found that the Tinajs' testimony was "not sufficiently credible" and that their use of doctored passports to enter the United States and other countries further diminished their credibility. Accordingly, the IJ found that Tinaj failed to meet the burden of proof for asylum and withholding of removal. The IJ stated that even if Tinaj were entitled to asylum, he would deny it in his discretion because Tinaj could have sought asylum in one of the other countries he traveled to before attempting to enter the United States. Tinaj appealed the IJ's decision to the Board of Immigration Appeals (BIA).

On August 3, 2004, the BIA issued an order dismissing the appeal, finding "no clear error in the Immigration Judge's inference that the [documents] were fraudulent" and that the documents undermined Tinaj's credibility. The BIA adopted the IJ's finding that Tinaj had failed to establish eligibility for asylum and withholding of removal.

Tinaj petitioned this Court for review of the BIA's dismissal of his appeal. In an April 14, 2005 opinion, we denied his petition. We held that "[t]he IJ gave sufficiently specific, cogent reasons for finding that Tinaj's testimony was not credible, and substantial evidence supports that determination." We therefore

determined that Tinaj had not established his asylum and withholding of removal claims.

On November 15, 2005, Tinaj filed a motion to reopen his removal proceedings, arguing that he had "new and material evidence, which support[ed] his] contention that the documents submitted in support of [his] applications for relief [were] in fact genuine." The evidence was a report by an expert in Albanian history. The report indicated that it was highly likely that the organizations in Tinaj's village did not own their own typewriters. Tinaj asserted that the motion to reopen was filed outside the time limitations set forth in 8 C.F.R. § 3.23 because the expert's report was "new and material information" that was previously unavailable.

On January 31, 2006, the BIA issued an order denying Tinaj's motion to reopen. The BIA noted that the final order in Tinaj's proceedings had been entered on August 3, 2004, and that a motion to reopen those proceedings would have been due ninety days later on November 1, 2004. The BIA concluded that because it did not receive the motion until November 21, 2005, it was untimely. Tinaj filed a petition for this Court's review of the BIA's order.

Tinaj contends that the BIA abused its discretion by denying his motion to reopen. We review the BIA's denial of a motion to reopen for an abuse of

4

discretion.  <u>Abdi v. U.S. Att'y Gen.</u>, 430 F.3d 1148, 1149 (11th Cir. 2005).  Our "review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  <u>Id</u>. (internal quotation marks omitted).

Under 8 U.S.C. § 1252(a)(1), we have jurisdiction to review "any final order of removal."  <u>Jaggernauth v. U.S. Att'y Gen.</u>, 432 F.3d 1346, 1350 (11th Cir. 2005).  An order of removal becomes final upon the dismissal of an appeal by the BIA.  8 C.F.R. § 1241.1(a).  We consider the denial of a motion to reopen to be a final order of removal.  <u>Patel v. United States Att'y Gen.</u>, 334 F.3d 1259, 1261 (11th Cir. 2003).

An alien may file one motion to reopen proceedings.  § 1229a(c)(7)(A). The motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal."  § 1229a(c)(7)(C)(i);  <u>see also</u> 8 C.F.R. § 1003.2(c)(2).  In <u>Abdi v. U.S. Attorney General</u>, 430 F.3d 1148, 1150 (11th Cir. 2005), the Court held that the BIA did not abuse its discretion by denying a motion to reopen where the motion was filed long after the 90-day deadline.

The final order of removal in this case was the BIA's August 3, 2004 order dismissing Tinaj's appeal.  Tinaj had ninety days from that date to file a motion to reopen.  Tinaj filed the motion on November 21, 2005, over a year late.  Because

5

Tinaj's motion to reopen was untimely, the BIA did not abuse its discretion by denying it. See Abdi, 430 F.3d at 1150.

Tinaj also contends the BIA violated his right to due process by failing to give him a "full and fair hearing" based upon the expert's report presented with his motion to reopen. We review this constitutional claim de novo. See Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006).

An alien, while present in the United States, has due process rights under the Fifth Amendment. Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1311 (11trh Cir. 2001). An alien can prevail on a due process claim in one of two ways. First, he can show that in removal proceedings he was denied notice and an opportunity to be heard. Sebastian-Soler v. U.S. Att'y Gen., 409 F.3d 1280, 1287 n.14 (11th Cir. 2001), cert. denied, 126 S. Ct. 1162 (2006). Second, he can show that he was deprived of liberty without due process of law, and that the alleged errors caused him substantial prejudice. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003). We have held that "aliens do not enjoy a constitutionally protected liberty interest in a purely discretionary form of relief." Garcia v. U.S. Att'y Gen., 329 F.3d 1217, 1224 (11th Cir. 2003). "The decision to grant or deny a motion to reopen…is within discretion of the [BIA], subject to

[certain] restrictions .... The [BIA] has discretion to deny a motion to reopen even if the party has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

Tinaj does not argue that he was deprived of notice and an opportunity to be heard, only that he was denied a full and fair hearing. The BIA had discretion to deny Tinaj's untimely motion to reopen even if Tinaj had made out a prima facie case for relief. See 8 C.F.R. § 1003.2(a). Thus, no liberty interest was implicated. The BIA did not violate Tinaj's due process rights.

PETITION DENIED.