[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-12662
_____

INS Docket No. A41-334-452


MAHENDRABHAI  BHOLABHAI  PATEL,

Petitioner,

versus


U.S. ATTORNEY GENERAL,
IMMIGRATION AND NATURALIZATION SERVICE,

Respondents.


_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

(June 27, 2003)



Before BLACK and RONEY, and STAPLETON[*], Circuit Judges.


_____

[*]Honorable Walter K. Stapleton, United States Circuit Judge for the Third Circuit, sitting
by designation.

STAPLETON, Circuit Judge:

I.

Mahendrabhai Bholabhai Patel, a citizen of India, was convicted by a Georgia state court of simple battery and sexual battery. In 1995, Patel was sentenced for these crimes to one year in jail with all but 16 days of the sentence suspended. In May of 2000, the INS issued Patel a Notice to Appear, charging him with being removable as an alien convicted of an aggravated felony. Patel signed a declaration waiving his right to a hearing before the immigration judge and consenting to removal to India. An immigration judge ("IJ") reviewed the declaration, and, by order dated June 7, 2000, directed Patel's removal. Patel was removed on June 16, 2000.

On June 18, 2001, a Georgia state court granted Patel's motion to modify his sentence "*nunc pro tunc*." The court ordered that the 1995 sentence be "clarified to read as follows: The Defendant is sentenced to a total period of confinement of only sixteen (16) days. The Defendant [sic] sentence is a total period of eleven months fourteen days of supervised probation."

Patel, acting from India, petitioned to reopen his removal proceedings in light of the Georgia state court sentence "clarification." The IJ ruled that he

2

lacked jurisdiction to reopen a removal proceeding when the removal order had

already been executed. On appeal, the Board of Immigration Appeals ("BIA")

concluded that it and the IJ lacked jurisdiction to entertain a motion to reopen a

removal proceeding filed after the removal order has been executed. The BIA

relied on 8 C.F.R. §§ 3.2(d) and 3.23(b)(1), which pertain to the BIA and the

Immigration Court, respectively, and which, in relevant part, are substantially the

same:

> A motion to reopen . . . shall not be made by or on behalf of a person
> who is the subject of exclusion, deportation, or removal proceedings
> subsequent to his or her departure from the United States. Any
> departure from the United States, including the deportation or
> removal of a person who is the subject of exclusion, deportation, or
> removal proceedings, occurring after the filing of a motion to reopen
> or a motion to reconsider, shall constitute a withdrawal of such
> motion.

8 C.F.R. § 3.2 (2002). *See also* 8 C.F.R. § 3.23(b)(1) (2002). Patel then petitioned

this court for review of the BIA decision.

## II.

At the outset, we must decide whether we have jurisdiction to entertain

Patel's petition for review.[1]

---

[1]The Court of Appeals for the Fifth Circuit has held that 8 C.F.R. § 3.2(d) deprives the BIA of jurisdiction to entertain a motion to reopen filed by a person who is the subject of an executed final order of removal. *Navarro-Miranda v. Ashcroft*, 2003 U.S. App. LEXIS 8663 (5th Cir. May 6, 2003). Before we can reach that issue, however, we must determine the extent of our jurisdiction to entertain the petition for review.

Subsection 1252(b)(9) of Title 8 of the United States Code provides that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Subsection 1252(a)(1) confers jurisdiction upon this court to review "any final order of removal." 8 U.S.C. § 1252(a)(1). Implicit in this jurisdictional grant is the authority to review orders denying motions to reopen any such final order. *Chow v. I.N.S.*, 113 F.3d 659, 664 (7th Cir. 1997) (stating that "'any final order of [removal]' as used in [§ 1252(a)(1)][2] includes orders to . . . reopen any such final order of deportation"); *Sarmadi v. I.N.S.*, 121 F.3d 1319 (9th Cir. 1997). This implicit jurisdiction in § 1252(a)(1) is the only jurisdiction we have to review an order denying a motion to reopen. *Id*.

Our jurisdiction under § 1252(a)(1) is circumscribed, however, by the provisions of § 1252(a)(2)(C). It stipulates that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of

---

[2]*Chow* was decided under 8 U.S.C. § 1105a, the judicial review provision of the Immigration and Nationality Act, which was the predecessor of § 1252(a)(1) as amended in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). Subsequently, courts have determined that changes made in the IIRIRA did not affect the basis for judicial review of orders denying motions to reopen. *Sarmadi*, 121 F.3d at 1320.

having committed a criminal offense covered in section . . . [1227(a)(2)(A)(iii)]." 8 U.S.C. § 1252(a)(2)(C). Just as this jurisdiction-stripping provision would have deprived us of jurisdiction to entertain an attack on the final order of removal if Patel had chosen to contest removal, so, too, it strips us of jurisdiction to entertain an attack on that order mounted through filing of a motion to reopen. *Chow*, supra; *Sarmadi*, supra.

Subsection 1227(a)(2)(A)(iii) subjects to removal aliens who have been convicted of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). An "aggravated felony" includes "a crime of violence . . . for which the term of imprisonment [sic] at least one year." 8 U.S.C. § 1101(a)(43)(F). This term of imprisonment "include[s] the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." 8 U.S.C. § 1101(a)(48)(B). It necessarily follows that the order of June 7, 2000, directing Patel's removal was a final order against an alien who was removable by reason of having been convicted of an "aggravated felony." Accordingly, § 1252(a)(2)(C) reflects a Congressional intent to shield that order from judicial review.

It is true, as Patel insists, that we have jurisdiction to determine our own jurisdiction and, thus, to determine whether any particular final order of removal

5

comes within the scope of § 1227(a)(2)(iii). *Galindo-Del Valle v. Attorney General*, 213 F.3d 594 (11th Cir. 2000). This may involve determining whether the alien has been convicted of an aggravated felony. *Id.* Here, however, there is no dispute that Patel had been convicted of an aggravated felony both at the time of the entry of the removal order and at the time of its execution. There can be no doubt that the removal order of June 7, 2000, was an order which Congress intended to shield from judicial review. That being the case, we perceive no theory under which the subsequent action of a state court could confer jurisdiction upon us that would not otherwise exist.[3]

As we have indicated, the Courts of Appeals for the Seventh and Ninth Circuits have held that jurisdiction to review a BIA denial of a motion to reopen a final order of removal comes from § 1252(a)(1) and is, accordingly, circumscribed by the jurisdiction-stripping provision of § 1252(a)(2)(C). Thus, each has concluded that where a final order of removal is shielded from judicial review, so, too, is a refusal to reopen that order. The only difference between those cases and ours is that the final orders of removal there had not been executed when the

---

[3]*Matter of Song*, 23 I. & N. Dec. 173 (BIA 2001), upon which Patel here relies, is inapposite. That case dealt with the issue of whether the BIA could take cognizance of a resentencing that occurred while the removal proceeding was still before it. It, of course, expresses no view about the jurisdiction of this court or the scope of the jurisdiction stripping provisions of 8 U.S.C. § 1252(a)(2)(C).

motion was filed. The conclusion that we here reach follows *a fortiori* from the conclusion there reached.

## III.

As we have indicated, our jurisdiction under 8 U.S.C. § 1252(a)(1) to review removal orders and denials of motions to reopen such orders is limited by the jurisdiction-stripping provisions of § 1252(a)(2)(C). The parties before us agree, however, that under the case law of our court, § 1252(a)(2)(C) does not strip us of jurisdiction to hear and determine substantial constitutional issues. *See Balogun v. United States A.G.,* 304 F.3d 1303, 1305 (11th Cir. 2002) ("[E]ven if § 1252(a)(2)(C) applies, appellate review of [a removal] order may still be appropriate if [the petitioner] raises a 'substantial constitutional' challenge to his removal."); *Oguejiofor v. A.G. of United States*, 277 F.3d 1305, 1308 (11th Cir. 2002). No substantial constitutional issues are presented here, however.

While Patel claims that the proceedings leading up to the final order of removal violated his rights under the Due Process Clause in several respects, he cannot prove a due process violation in the absence of substantial prejudice. *Ibrahim v. United States I.N.S.*, 821 F.2d 1547, 1550 (11th Cir. 1987) ("To prevail . . . on a due process challenge to a deportation proceeding, an alien must show substantial prejudice."). It is clear that there was no such prejudice because it is

7

undisputed that at the time of those proceedings Patel was removable as an alien convicted of an aggravated felony and the result of those proceedings would have been the same in the absence of the alleged procedural deficiencies.

## IV.

Finally, we must deny Patel's request that this matter be transferred to the district court so that it may exercise its habeas corpus jurisdiction. Habeas jurisdiction requires that the petitioner be in "custody." "Custody" is determined as of the time of the filing of the petition. *Chong v. District Director, I.N.S.*, 264 F.3d 378, 382 (3d Cir. 2001) (finding custody despite the fact that the alien had subsequently been removed because the alien had filed her habeas petition before removal). There must be a significant restraint on the petitioner's liberty to satisfy this "custody" requirement. *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997); *see also Dry v. CFR Court of Indian Offenses for Choctaw Nation*, 168 F.3d 1207, 1208 (10th Cir. 1999) ("A petitioner is in custody for purposes of the statute if he or she is subject to severe restraints on [his or her] individual liberty.") (internal quotations omitted).

In *Miranda v. Reno*, 238 F.3d 1156 (9th Cir. 2001), the Ninth Circuit held that a removed alien who had applied for habeas relief after having been removed was not in custody for purposes of determining habeas jurisdiction. *Id.* at 1158-

8

59. The *Miranda* court reasoned that the fact that Miranda could not return to this country because of his status as a alien convicted of an aggravated felony did not "significantly confine and restrain his freedom. [He was] subject to no greater restraint than any other non-citizen living outside American borders." *Id.* at 1159. We find this analysis persuasive. *See also Terrado v. Moyer*, 820 F.2d 920, 922 (7th Cir. 1987) (holding that a petitioner filing from abroad after deportation did not satisfy the custody requirement for habeas jurisdiction.).

Here, Patel filed this action after having been deported to India. While his removal from the United States may limit his opportunities to re-enter this country, this does not constitute a severe restraint on his individual liberty. Patel is now residing in his native India, and the United States is in no position to restrain his liberty.[4] Accordingly, we will deny his request for a transfer to the district court.

V.

The petition for review will be dismissed for lack of jurisdiction.

---

[4]Because Patel is currently physically located in India, the custody determination in this case is distinguishable from the case of an alien detained by United States authorities while wishing to enter the United States. *See Jones v. Cunningham*, 371 U.S. 236, 241 (1963) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 217 (1953) (finding habeas jurisdiction over a alien who had been detained by United States authorities when seeking entry and remained stranded on Ellis Island because other countries would not take him back)).