United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

No. 03-60864
Summary Calendar

---

CANDIDO ALBERTO RUBIO,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

---

Petition for Review from an Order of the
Board of Immigration Appeals
(A91-828-903)

---

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

Candido Alberto Rubio has filed a petition for review of a final order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceeding. Rubio's underlying request for cancellation of removal was denied because it was determined that he had not established five years of lawful, continuous, physical presence in the United States. *See* 8 U.S.C. § 1229b(a).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"The BIA's factual findings are reviewed for substantial evidence; rulings of law, *de novo*, deferring to the BIA's interpretation of the immigration statutes." ***Mireles-Valdez v. Ashcroft***, 349 F.3d 213, 215 (5th Cir. 2003) (internal citation omitted). Denial of a motion to reopen in an immigration proceeding is reviewed only for abuse of discretion. ***INS v. Doherty***, 502 U.S. 314, 323 (1992).

"Congress explicitly granted federal courts the power to review 'final order[s] of removal' in [8 U.S.C.] § 1252(a)(1), and 'implicit in this jurisdictional grant is the authority to review orders denying motions to reopen any such final order'." ***Assaad v. Ashcroft***, 378 F.3d 471, 474 (5th Cir. 2004) (quoting ***Patel v. United States Attorney General***, 334 F.3d 1259, 1261 (11th Cir. 2003)). However, "where a final order of removal is shielded from judicial review by a provision in [8 U.S.C.] § 1252(a)(2), so, too, is [the BIA's] refusal to reopen that order". ***Id.*** (internal quotations omitted). Because the denial of Rubio's cancellation of removal request was based on a determination that he was not statutorily eligible for that relief, we would have jurisdiction to review that determination if it were currently before us. ***Mireles-Valdez***, 349 F.3d at 216-17 (interpreting § 1252(a)(2)(B)). Given that fact, we have jurisdiction to review the denial of Rubio's motion to reopen.

Rubio's motion to reopen was based on his assertion that he received ineffective assistance of counsel during his removal proceedings. Rubio contended that, absent counsel's poor performance, he would have been found statutorily eligible for cancellation of removal and would have been granted that relief.

Based on our review of the record, there was substantial evidence to support the BIA's finding that Rubio did not enter this country until after 1 January 1982 and, therefore, was not properly admitted for lawful residency. *See* 8 U.S.C. § 1255a(2). Accordingly, Rubio did not meet the statutory requirements for cancellation of removal under 8 U.S.C. § 1229b(a). Because Rubio has not shown that his former counsel's actions denied him a fair hearing or due process, his ineffective assistance of counsel claim fails. *See Matter of Lozada*, 19 I & N Dec. 637, 638 (BIA 1988). Therefore, the BIA did not abuse its discretion in denying the motion to reopen.

*DENIED*