[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17208
Non-Argument Calendar

_____

Agency No. A96-437-623

SIANTONO WENAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 19, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Siantono Wenas, a citizen of Indonesia and a Chinese Christian, seeks

review of a final order by the Board of Immigration Appeals ("BIA"), denying his motion to reopen the BIA's order denying asylum under Immigration and Nationality Act ("INA") § 208(a)(1), 8 U.S.C. § 1158(a)(1), and withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). After the BIA adopted and affirmed the immigration judge's ("IJ") decision denying Wenas's application for asylum and withholding of removal, he filed a motion to reopen. Wenas argued that his previous attorney, who represented him in proceedings before the IJ and BIA, was ineffective because he failed to submit any documentation supporting Wenas's claim that Chinese Christians are persecuted in Indonesia. In support of his motion to reopen, Wenas submitted several documents concerning religious violence in Indonesia.

On appeal, Wenas argues that the BIA relied on the wrong standard for determining prejudice in an ineffective assistance claim, requiring him to show that "it [was] likely that [he] would have prevailed" below. Citing to *Dakane v. U.S. Attorney General*, 399 F.3d 1269 (11th Cir. 2005) (per curiam), he contends that the correct standard is a reasonable probability of a different outcome, which is less stringent than the "more likely than not standard." Moreover, he argues, we subsequently corrected our initial opinion in *Dakane*, clarifying that the reasonable probability standard is the correct standard, but the BIA cited to the earlier,

2

uncorrected opinion. Consequently, Wenas asserts, we must remand the case because it cannot be upheld on any grounds not articulated in the record. Next, he contends that he was prejudiced by his attorney's representation because there was a reasonable probability that the omitted supporting documentation would have shown that there was a pattern or practice of discrimination against Chinese Christians in Indonesia, entitling him to a presumption that he would face future persecution if he returned to Indonesia.

We have construed 8 U.S.C. § 1252(a)(1) to give us jurisdiction to review orders on motions to reopen, implicitly considering such orders to be "final order[s] of removal" under the statute. *Patel v. U. S. Att'y Gen.*, 334 F.3d 1259, 1261 (11th Cir. 2003). We review the denial of a motion to reopen removal proceedings for an abuse of discretion. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003) (per curiam). We will overturn the BIA's decision only if it exercised its discretion in an arbitrary or capricious manner. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (per curiam).

An alien can move to reopen proceedings on the basis of ineffective assistance of counsel, but "to establish the ineffective assistance of counsel in the context of a deportation hearing, an alien must establish that his or her counsel's performance was deficient to the point that it impinged upon the fundamental

3

fairness of the hearing such that the alien was unable to reasonably present his or her case." *Dakane*, 399 F.3d at 1274 (quotations and citations omitted). To do this, the petitioner must show prejudice, which means that the petitioner must demonstrate a "reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." *Id.*

Wenas's argument that the BIA relied on an incorrect standard for determining ineffective assistance of counsel, holding him to a stricter "more likely than not" standard, is meritless. The BIA explicitly stated that prejudice in this context "means that it is likely that an alien would have prevailed"–not that the alien "more likely than not" would have prevailed, as Wenas claims. Moreover, in *Dakane*, we cited with approval several variations of the above-stated standard, including: (1) "[An] alien must show . . . actual prejudice by making a prima facie showing that he would have been eligible for the relief," and (2) "[P]roving prejudice requires the Petitioner to make a prima facie showing that . . . he would have been entitled to relief . . . ." 399 F.3d at 1274 (quotations and citations omitted). Thus, the BIA's substitution of the term "likely" for "reasonable probability," when it otherwise correctly stated the law, is insufficient to show that the BIA applied an incorrect standard.

Wenas's argument that there was a reasonable probability that the omitted

documentation would have led to a different outcome in his proceedings is similarly unpersuasive. Before denying Wenas's application, the IJ considered the 2002 Department of State Country Report on Human Rights Practices for Indonesia and the 2003 Department of State International Religious Freedom Report for Indonesia ("the Reports"), both of which adequately conveyed Indonesia's history of religious violence against Chinese Christians. The additional materials Wenas filed with his motion to reopen predate the Reports and are largely generalized accounts of religious violence in Indonesia. These additional materials do not demonstrate a reasonable probability of a different outcome in Wenas's proceedings. Therefore, because the IJ adequately considered Indonesia's history of religious violence, the BIA did not abuse its discretion in concluding that Wenas's attorney's failure to file supporting documentation did not prejudice Wenas.

Because Wenas has not established that the BIA applied an incorrect standard of review or that his attorney's omission of supporting documentation prejudiced him, the BIA did not abuse its discretion in denying Wenas's motion to reopen its order.[1] Accordingly, we deny the petition.

---

[1]To the extent that Wenas challenges the IJ's and BIA's underlying decision denying his application for asylum and withholding of removal, Wenas did not file a petition for review of the original BIA decision on appeal, and, thus, the merits of that appeal, as well as the merits of the IJ decision, are outside of our jurisdiction. *See Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d

**PETITION DENIED.**

---

1346, 1350 (11th Cir. 2005) (per curiam) (citing INA § 242(b)(1)-(2), 8 U.S.C. § 1252(b)(1)-(2)) ("To seek judicial review of an order of removal, an alien must file a petition for review with the federal appellate court within 30 days of the BIA's issuance of the final order."); *see also Dakane*, 399 F.3d at 1272 n.3 (holding that this limitation period is "'mandatory and jurisdictional'") (quoting *Stone v. INS*, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549, 131 L. Ed. 2d 465 (1995)).