[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 14, 2007
THOMAS K. KAHN
CLERK

No. 06-14992
Non-Argument Calendar
_____

BIA Nos.
A75-352-279
A75-352-280

MAXIMA C. RODRIGUEZ,
LIZBETH CASTANEDA,
CARLOS CASTANEDA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(June 14, 2007)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Maxima C. Rodriguez, proceeding pro se, seeks review of the BIA's decision denying her second motion to reopen. Rodriguez argues that the BIA erred in finding that the IJ lacked jurisdiction to consider her second motion to reopen because a motion to reopen may be filed before, and considered sua sponte by, the IJ at any time under 8 U.S.C. § 1229a(b)(5)(C) and 8 C.F.R. § 1003.23(b)(4)(ii). She also argues that the BIA erred in finding that she did not provide new evidence in support of her second motion to reopen, identifying letters from the Consulates of Guatemala and Mexico as new evidence that she was a native of Mexico and defrauded by a non-attorney.

## Second Motion to Reopen

We have implicit jurisdiction to review an order denying a motion to reopen a final order of removal. See 8 U.S.C. § 1252(a)(1), (b)(1); Patel v. United States Att'y General, 334 F.3d 1259, 1261 (11th Cir. 2003) (reviewing an order denying a motion to reopen or reconsider a final order of removal). We review the BIA's denial of a motion to reopen for abuse of discretion. Gbaya v. United States Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003). Judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted).

2

The BIA may grant a motion to reopen if the movant presents new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. See 8 C.F.R. §§ 1003.2(c)(1) and 1003.23(b)(3). Only one motion to reopen is allowed, whether the motion is filed before the IJ or the BIA. See INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). The BIA may, however, grant a petitioner's successive motion to reopen under certain specific circumstances, including when a motion to reopen is filed under 8 C.F.R. §§ 1003.23(b)(4)(iii)(A)(1) or 1003.23(b)(4)(iii)(A)(2)[1] and when a motion to reopen is based upon changed circumstances in the country of deportation. See 8 C.F.R. § 1003.2(c)(3)(i),(ii).

---

[1] It does not appear that Rodriguez filed the second motion to reopen under 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) or (2), despite citing the regulation. That federal regulation states:

Order entered in absentia in deportation or exclusion proceedings.
(A) An order entered in absentia in deportation proceedings may be rescinded only upon a motion to reopen filed:
(1) Within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances beyond the control of the alien (e.g., serious illness of the alien or serious illness or death of an immediate relative of the alien, but not including less compelling circumstances); or
(2) At any time if the alien demonstrates that he or she did not receive notice or if the alien demonstrates that he or she was in federal or state custody and the failure to appear was through no fault of the alien.

8 C.F.R. § 1003.23(b)(4)(iii). Even if we were to assume that Rodriguez filed the second motion to reopen under § § 1003.23(b)(4)(iii), the BIA ruled on the notice issue in the appeal of the initial motion to reopen.

3

The second motion to reopen is number-barred.[2] Rodriguez concedes that she has filed a prior motion to reopen before the IJ. She makes substantially the same argument in her second motion to reopen as she did in her initial motion. Furthermore, Rodriguez's argument that she was victim of fraud by a non-attorney who failed to relay notice of the asylum hearing to Rodriguez is not a circumstance for which the regulations allow an exception to the number limitation. See 8 C.F.R. § 1003.2(c)(3). For this reason, we need not consider the government's other responsive arguments. We deny Rodriguez's petition accordingly.

**PETITION DENIED.**

---

[2] Additionally, as the BIA noted, Rodriguez did not present any new evidence, as required by 8 C.F.R. §§ 1003.2(c)(1).