[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16468
Non-Argument Calendar

_____

Agency No. A097-959-240

DING ZHONG ZHAO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,
Eric Holder,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 18, 2009)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Ding Zhong Zhao, a citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ")

order denying his application for asylum and withholding of removal under the

Immigration and Nationality Act ("INA") and relief under the United Nations

Convention Against Torture ("CAT") based on the Chinese government's

treatment of Falun Gong practitioners.[1]

Because the BIA issued its own opinion, our review is limited to that

decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review

the BIA's legal determinations de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d

814, 817 (11th Cir. 2004). We review the BIA's factual determinations under the

"substantial evidence test," and must affirm the BIA's decision "if it is supported

by reasonable, substantial, and probative evidence on the record considered as a

whole." Id. at 818 (quotation marks omitted). To reverse, we must find that the

record not only supports reversal, but compels it. Mendoza v. U.S. Att'y Gen., 327

F.3d 1283, 1287 (11th Cir. 2003).

To qualify for asylum, an applicant must show either past persecution or a

well-founded fear of persecution on account of race, religion, nationality,

membership in a particular social group or political opinion. INA § 101(a)(42)(A),

8 U.S.C. § 1101(a)(42)(A); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230-31

---

[1]On appeal, Zhao has not challenged the BIA's determination with regard to his claim of forced sterilization of his wife who remains in China. Thus, this claim is deemed abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

(11th Cir. 2005). Although the INA does not define persecution, this Court has noted that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation," and that "mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (quotation marks and brackets omitted). Thus, mere threats, without more, do not amount to persecution. See, e.g., Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008); Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1237 (11th Cir. 2006); Sepulveda, 401 F.3d at 1231.

Here, substantial evidence supports the BIA's determination that Zhao was not eligible for asylum because he had not shown past persecution or a well-founded fear of persecution. Zhao testified that he was not in fact a Falun Gong practitioner, but had merely driven some Falun Gong members to a gathering. Zhao heard that his name was on a list of Falun Gong members that the Chinese security bureau was looking to arrest and that the security bureau twice visited his house and threatened to arrest him. Under our precedent, these events are not severe enough to constitute past persecution. See Djonda, 514 F.3d at 1174; Silva, 448 F.3d at 1237; Sepulveda, 401 F.3d at 1231.

Furthermore, the record does not compel a conclusion that he has a well-founded fear of future persecution. The statement in the State Department's China Country Report on Human Rights Practices for 2006 that some Falun Gong

adherents had been abused while in police custody does not compel a conclusion that Zhao would be singled out for such treatment if he were returned to China. Also, Zhao heard that some of the Falun Gong members he had driven to the gathering were arrested, but he did not testify that any of them were mistreated while in custody. See Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290-91 (11th Cir. 2006) (concluding that brief detention of Falun Gong practitioner by police did not rise to level of persecution). Because Zhao did not satisfy the eligibility requirement for asylum, he necessarily cannot meet the more stringent standards for withholding of removal and CAT relief. See Zheng, 451 F.3d at 1292.

Finally, we find no merit to Zhao's due process claim. Zhao failed to show that the allegedly inadequate translation at his removal hearing caused him substantial prejudice. See Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1263 (11th Cir. 2003) (explaining that to show substantial prejudice, an alien must show the outcome would have been different had the alleged due process violation not occurred). Zhao does not argue that the Mandarin-speaking interpreter created an incomplete or inaccurate factual record or that the outcome would have been different with a Wenzhou-speaking interpreter. Zhao argues only that translation difficulties led the IJ to discredit his testimony. However, the BIA did not adopt the IJ's credibility finding and instead presumed Zhao's testimony was credible. Thus, Zhao has not shown any prejudice.

**PETITION DENIED.**