[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13517
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cv-00206-ACC-GJK

SUSAN DOROTHY ARNOLD,
KENNY DEAN ARNOLD,
JAY RYAN ARNOLD,
KEITH DOUGLAS ARNOLD,

Plaintiffs-Appellants,

versus

US ATTORNEY GENERAL,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY,
DIRECTOR OF THE US CITIZENSHIP AND IMMIGRATION
SERVICES (USCIS),
ACTING DEPUTY COMMISSIONER OF
THE US CUSTOMS AND BORDER PROTECTION (CBP),
ASSISTANT SECRETARY OF THE US IMMIGRATION
AND CUSTOMS ENFORCEMENT (ICE),

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 6, 2011)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Keith, Susan, Kenny, and Jay Arnold (collectively, "the Arnolds"), natives and citizens of the United Kingdom, appeal the dismissal of their 28 U.S.C. § 2241 habeas petition. In that petition, the Arnolds alleged that: (1) Customs and Border Protection ("CBP") officers wrongfully accused them of immigration fraud and erroneously found them to be inadmissible into the United States; (2) the officers processed Keith Arnold for expedited removal under the Immigration and Nationality Act ("INA") and temporarily paroled Susan, Kenny, and Jay Arnold into the country so that they could finalize their business affairs; (3) they were seeking habeas review of the terms of their temporary parole; and (4) as citizens of the United Kingdom, they were entitled to a full hearing before the Executive Office for Immigration Review ("EOIR"). The district court dismissed their petition for lack of subject matter jurisdiction, finding that they failed to satisfy § 2241's "in custody" requirement, and that their claims were otherwise barred by the INA.

2

On appeal, the Arnolds argue that the district court erred in dismissing their § 2241 petition for lack of subject matter jurisdiction. First, they assert that Susan, Kenny, and Jay Arnold were "in custody" for purposes of § 2241 at the time they filed their petition, because their temporary parole imposed a significant restraint on their liberty. Second, the Arnolds contend that the court had jurisdiction, pursuant to § 2241(c)(3), to consider whether the CBP violated their treaty rights under the Convention to Regulate Commerce by denying them a full EOIR hearing prior to finding them inadmissible. Finally, they suggest that the court also had jurisdiction pursuant to the INA. After careful review, we affirm.

We review de novo a district court's dismissal of an action for lack of subject matter jurisdiction. United States v. Blue Cross & Blue Shield of Ala., Inc., 156 F.3d 1098, 1101-02 (11th Cir. 1998). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).

With respect to the district court's authority to consider the present action, 28 U.S.C. § 2241 confers district court jurisdiction over habeas petitions brought by individuals who are, inter alia, "in custody" of the United States, or "in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(1), (3). In order to satisfy § 2241's "custody" requirement, petitioners

3

must allege that they are subject to a "significant restraint" on their liberty at the time of filing. Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1263 (11th Cir. 2003).

We have previously held that an alien who has already been deported by the time he files his petition does not satisfy the custody requirement because he is "'subject to no greater restraint than any other non-citizen living outside American borders.'" Id. (quoting Miranda v. Reno, 238 F.3d 1156, 1159 (9th Cir. 2001)). Moreover, we have suggested that the mere possibility of future deportation is insufficient to establish custody, even when the petitioner is subject to a deportation order. See United States ex rel. Marcello v. Dist. Dir. of INS, 634 F.2d 964, 970-71 (5th Cir. Jan. 22, 1981) (noting that the alien filed his petition "at a time when, arguably, he was merely subject to a deportation order and not 'held in custody'").[1] In that case, we ultimately determined that the petitioner was "in custody" not because he faced deportation, but rather because his liberty was restrained by periodic reporting requirements. Id. at 971 & n.11. Notably, aliens who are temporarily paroled into the country pursuant to 8 U.S.C. § 1182(d)(5)(A), are subject only to "such conditions as [the Attorney General] may prescribe."

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

In this case, the district court properly concluded that it lacked subject matter jurisdiction to consider the Arnolds' petition because the Arnolds were not in the "custody" of immigration officials at the time of the filing. The record indicates that Keith Arnold had already been removed to the United Kingdom at the time the petition was filed, and that Susan, Kenny, and Jay Arnold failed to show that they were subject to any restraints on their liberty during their period of temporary parole. Further, to the extent the Arnolds argue that the INA provides independent habeas jurisdiction that is not subject to § 2241's custody requirement, any such argument lacks merit. See 8 U.S.C. § 1329 (providing that "[n]othing in [the INA] shall be construed as providing jurisdiction for suits against the United States or its agencies or officers"). Accordingly, because the Arnolds failed to establish the existence of habeas jurisdiction under § 2241, we affirm.

**AFFIRMED.**