[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2011
JOHN LEY
CLERK

No. 11-10038
Non-Argument Calendar
_____

Agency No. A097-491-774


HILARIA VELASQUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 28, 2011)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Hilaria Velasquez, a native and citizen of Mexico proceeding *pro se*,

petitions for review of the BIA's order denying her motion to reopen her removal proceedings. Velasquez argues that the BIA should have granted her motion to reopen because she presented new, material evidence regarding her mental health problems and deteriorating country conditions in Mexico. Velasquez also contends that the denial of her motion violated her right to due process. For the reasons stated below, we dismiss the petition for review in part and deny it in part.

I.

As an initial matter, we must consider whether we may exercise jurisdiction over Velasquez's petition for review. We review our own subject matter jurisdiction *de novo*. *Martinez v. U.S. Att'y Gen*., 446 F.3d 1219, 1221 (11th Cir. 2006). We lack jurisdiction to consider the BIA's discretionary determination that an alien has failed to establish eligibility for cancellation of removal, but we retain jurisdiction to consider constitutional claims or questions of law. INA § 242(a)(2)(B)(i), (a)(2)(D), 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D); *Martinez,* 446 F.3d at 1221–22.

We have explained that we may not review an order denying a motion to reopen if we also would lack jurisdiction to review the underlying order of removal. *Patel v. U.S. Att'y Gen*., 334 F.3d 1259, 1262 (11th Cir. 2003). In *Patel*, the petitioner was charged with being removable due to a conviction for an

2

aggravated felony. *Id.* at 1260  Patel initially waived his right to a hearing and consented to removal, but later moved to reopen his case. *Id.* at 1260-61.  After the BIA denied the motion to reopen, Patel petitioned for review of the BIA's decision. *Id.* at 1261.

We observed that our authority to review an order denying a motion to reopen was implicit in 8 U.S.C. § 1252(a)(1), which authorizes Courts of Appeals to review final orders of removal. *Id.*  We then recognized that our jurisdiction under § 1252(a)(1) was limited by the provisions of § 1252(a)(2)(C), which provides that no court may review a final order of removal that is based on an alien's conviction for an aggravated felony. *Id.* at 1262.  We concluded, "Just as this jurisdiction-stripping provision would have deprived us of jurisdiction to entertain an attack on the final order of removal if Patel had chosen to contest removal, so, too, it strips us of jurisdiction to entertain an attack on that order mounted through filing of a motion to reopen." *Id.*

Recently, the Supreme Court explained that federal courts generally have jurisdiction to review orders denying motions to reopen. *Kucana v. Holder*, 558 U.S. ___, ___, 130 S.Ct. 827, 840, 175 L.Ed.2d 694 (2010).  In so holding, however, the Supreme Court reserved judgment as to whether a court may review a motion to reopen if it would lack jurisdiction to review the petitioner's

3

underlying claim for relief.  *Id.* at ___, 130 S.Ct. at 839 n.17.  Thus, *Kucana* does not affect the validity of *Patel*, which remains binding precedent in this Circuit. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (explaining that a published decision of this Court "is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").

Our reasoning in *Patel* dictates the outcome of this case.  Had Velasquez sought review of the BIA's original order denying her application for cancellation of removal, 8 U.S.C. § 1252(a)(2)(B)(i) would have deprived us of jurisdiction to consider her petition.  Therefore, § 1252(a)(2)(B)(i) also precludes us from reviewing Velasquez's attempt to challenge that order through a motion to reopen.  *See Patel*, 334 F.3d at 1262.  Accordingly, to the extent that Velasquez is arguing that the BIA abused its discretion by denying her motion to reopen, we must dismiss the petition for lack of jurisdiction.

III.

As noted above, the jurisdictional limitations in 8 U.S.C. § 1252(a)(2) do not preclude us from reviewing constitutional or legal claims.  8 U.S.C. § 1252(a)(2)(D); *Martinez*, 446 F.3d at 1221–22.  Therefore, we may consider the merits of Velasquez's due process claim.  To establish a due process violation, an

4

alien must show that she was deprived of liberty without due process of law, and that she suffered substantial prejudice. *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008). Purely discretionary forms of relief do not create a protected liberty interest, and, thus, the denial of such relief can never violate due process. *Id.*

In this case, Velasquez has not established a due process violation. A motion to reopen is a discretionary form of relief that does not give rise to a protected liberty interest. *See* 8 C.F.R. 1003.2(a) ("The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."); *Scheerer*, 513 F.3d at 1253. As a result, Velasquez cannot show that the BIA's denial of that motion violated due process. *See id.* Accordingly, we deny the petition for review with respect to Velasquez's due process claim.

**PETITION DISMISSED IN PART, DENIED IN PART.**