[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10285
Non-Argument Calendar

_____

Agency No. A070-896-774

SAGAR RISHAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 30, 2019)

Before TJOFLAT, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

## I.

Rishan Sagar,[1] a native and citizen of Trinidad and Tobago, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the denial of his second motion to reopen his removal proceedings.  The BIA found that this second petition was untimely and impermissibly successive because he did not prove that country conditions had materially changed in his home country of Trinidad and Tobago since his initial removal hearing in 2001.

We dismiss the petition because (1) we do not have jurisdiction to review the BIA's factual determinations regarding the timeliness and sufficiency of proof of changed country conditions, and (2) Sagar's Eighth Amendment claim is meritless.

## II.

This appeal primarily involves two statutes.  These statutes, when taken together, make the outcome of this case as simple as basic arithmetic.

The first statute involved is 8 U.S.C. § 1252,[2] which restricts our jurisdiction when an alien, such as Sagar, is removable from the country because he committed an aggravated felony.  *Linton v. U.S. Att'y Gen.*, 756 F. App'x 913, 916 (11th Cir. 2018) ("[T]his Court lacks jurisdiction to review . . . the denial of a motion to

---

[1] The case caption lists appellant's name as Sagar Rishan because the administrative record lists his name as Sagar Rishan.  In his brief, appellant refers to himself as Rishan Sagar, which we assume is his correct name.

[2] The statute provides: "[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. § 1227(a)(2)(A)(iii)]"—i.e., aggravated felonies.  8 U.S.C. § 1252(a)(2)(C).

2

reopen where, as here, the person is removable because he committed an aggravated felony."); *see Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir. 2003) (finding that motions to reopen are subject to § 1252(a)(2)(C)'s jurisdiction stripping provision). In such cases, we only have jurisdiction to review questions of law and constitutional challenges, 8 U.S.C. § 1252(a)(2)(D), meaning that we do not have jurisdiction to review factual determinations.

The second statute involved is 8 U.S.C. § 1229a, which as applied here only allows an alien to file untimely and successive motions if he proves that the conditions in his home country have materially changed since his original removal and that he could not previously have proven such a change.[3]

The determinations of (1) the timeliness of a motion to reopen, and (2) the sufficiency of the evidence of previously unpresentable, materially changed country conditions, are factual. *See Linton*, 756 F. App'x at 916 ("[T]he BIA denied [petitioner's] motion on . . . independent and sufficient grounds. Namely, the BIA grounded its denial in *factual determinations* that [petitioner's] motion was untimely and [that petitioner] had not sufficiently shown changed country

---

[3] Ordinarily, "[a]n alien may file *one* motion to reopen proceedings" within 90 days of the final administrative order. 8 U.S.C. §§ 1229a(c)(7)(A), (C)(i) (emphasis added). But an alien can file additional motions without time constraints if he seeks reopening to apply for withholding of removal under the Convention Against Torture. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i). Such motions must show evidence of changed country conditions in the home country that are material and could not have been produced at the previous hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i).

conditions.") (emphasis added); *see also Pepaj v. Mukasey*, 509 F.3d 725, 727 (6th Cir. 2007) (concluding that the Court had no appellate jurisdiction over the factual determination of whether petitioner had demonstrated changed country conditions). Therefore, because we lack jurisdiction over factual determinations here because Sagar committed an aggravated felony, we do not have jurisdiction to review the BIA's dismissal of Sagar's petition as untimely or insufficient.

However, we do have jurisdiction over Sagar's constitutional claims. 8 U.S.C. § 1252(a)(2)(D). Sagar argues that his removal violates the Eighth Amendment's prohibition of cruel and unusual punishment. He is incorrect.

"The cruel and unusual punishment clause only protects individuals who have been convicted of crimes. . . . Because immigration proceedings are not criminal and do not constitute punishment, [petitioner's] argument that his removal to [his home country] will violate the Eighth Amendment lacks merit." *Cadet v. Bulger*, 377 F.3d 1173, 1196 (11th Cir. 2004). Accordingly, Sagar is not entitled to relief.

**PETITION DISMISSED.**