[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13764
Non-Argument Calendar

_____

Agency No. A023-602-279

JUAN GISPERT DE ARMAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 18, 2021)

Before JILL PRYOR, GRANT and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Gispert de Armas, a native and citizen of Cuba, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his motion to reconsider the IJ's order denying his motion to reopen removal proceedings. After careful review, we deny his petition.

I.

Gispert de Armas emigrated to the United States in 1980 during the Mariel Boatlift and was lawfully admitted pursuant to the Cuban Refugee Adjustment Act. In 1994, he pled guilty to federal crimes relating to smuggling and served a one-year term of imprisonment. In 1997, the former Immigration and Naturalization Service initiated removal proceedings against him, charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii), as a noncitizen who after admission was convicted of an aggravated felony.

Gispert de Armas filed an application for asylum and withholding of removal, alleging a fear of persecution on account of political opinion. An IJ found him removable as charged, terminated his immigrant status, and pretermitted his asylum application because of his aggravated felony conviction. But the IJ granted him withholding of removal.

On April 29, 2005, Gispert de Armas filed a motion to reopen to seek a waiver of deportability under former § 212(c) of the Immigration and Nationality Act. Former § 212(c) provided a discretionary waiver of deportation if a lawful

2

permanent resident with an aggravated felony conviction had served five years or less in prison. It was repealed on April 1, 1997, but the Supreme Court has since held that § 212(c) relief may be available to legal permanent residents who pled guilty to an aggravated felony before the date of the repeal. *I.N.S. v. St. Cyr*, 533 U.S. 289, 294–97, 314–15 (2001). An IJ denied the motion to reopen. The IJ noted that a statutory motion to reopen under 8 U.S.C. § 1229(a)(c)(6)(C)(i) generally must be filed within 90 days of the final administrative order, and under 8 C.F.R. § 1003.44(h) a special motion seeking a § 212(c) waiver by a noncitizen who pled guilty before the statute's repeal date had to be filed no later than April 26, 2005. Because Gispert de Armas filed his motion on April 29, it was untimely under either requirement.

In May 2012, Gispert de Armas filed a *pro se* second motion to reopen to seek § 212(c) relief. In the motion, he argued that his counsel who filed his first motion to reopen was ineffective. Gispert de Armas stated that he became aware he was eligible to apply for § 212(c) relief "a couple of days prior to April 19, 2005," and that he immediately contacted counsel. AR at 557.[1] Counsel collected the information he needed from Gispert de Armas to file the motion and assured his client that he would file the motion immediately. Gispert de Armas stated that he reminded counsel that the April 26 filing deadline was approaching, and counsel

---

[1] "AR" refers to the administrative record.

said he would file the motion the next day, April 20. "Many months went by," and counsel repeatedly advised Gispert de Armas that he had not heard back from the agency regarding the motion. *Id.* at 559. Then, some two or three years after filing the motion, counsel told Gispert de Armas that it had been denied. Counsel "stated to [Gispert de Armas] that the reason the [IJ] did not want to reopen [the] case was because [he] had already been given the relief of withholding." *Id.* In April 2012, however, Gispert de Armas found out that the motion had been denied because it was filed three days late.

Based on these facts, Gispert de Armas argued that he had acted diligently in seeking relief and that, but for the late filing of his special motion, he would have merited a discretionary grant of relief. The IJ dismissed the motion as time-barred. *See* 8 C.F.R. § 1003.44(h) (explaining that a noncitizen "subject to a final administrative order of deportation or removal must file a special motion to seek section 212(c) relief on or before April 26, 2005," and that he "may file one special motion").

In November 2019, Gispert de Armas—this time with counsel—filed a third motion to reopen to seek relief under § 212(c). He again asserted that counsel who filed his first motion to reopen was ineffective. He also argued that, in dismissing his second motion to reopen as time-barred, the IJ failed to consider his claim of ineffectiveness of counsel.

4

Gispert de Armas stated in his third motion to reopen that he was filing another motion because this Court had held that the time limit for filing a statutory motion to reopen was subject to equitable tolling based on ineffective assistance of counsel and had implied that the number limitation was subject to equitable tolling as well. AR at 83 (citing *Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847 (11th Cir. 2013)). He argued that under the reasoning of *Ruiz-Turcios* and the facts of his case, he was eligible for equitable tolling of the time and number bars in 8 C.F.R. § 1003.44(h) because his counsel had been ineffective. He argued that he had diligently sought reopening of his removal proceedings, noting that he had filed a bar complaint against his former counsel; filed his *pro se* motion to reopen the month after he learned of the original motion's untimeliness; hired new counsel who, in 2014, proposed a joint motion to reopen with the government; and hired his present counsel, who filed the 2019 motion.

The IJ dismissed Gispert de Armas's motion to reopen as time- and number-barred. Gispert de Armas moved for reconsideration, arguing again that his initial motion to reopen had been untimely only because of ineffective assistance of counsel and that the IJ had failed to address his equitable tolling arguments. The IJ denied his motion for reconsideration. The IJ explained that Gispert de Armas was entitled to equitable tolling only if he showed he had pursued his rights diligently and found that he had not been diligent because *Ruiz-Turcios* was decided in 2013,

5

yet he did not raise equitable tolling until 2019. The IJ also found that Gispert de Armas had failed to show extraordinary circumstances preventing him from filing for relief earlier.

Gispert de Armas appealed to the BIA. He challenged the IJ's determination that he had not diligently pursued his rights, arguing that he properly retained counsel to file the special motion to reopen before the April 26 deadline and that, but for counsel's ineffectiveness, the proceedings would have been reopened. He further argued that he was diligent in moving to reopen his proceedings in 2012, only about a month after learning that his original counsel had failed to timely file a special motion seeking § 212(c) relief. He contended that he continued to diligently seek reopening of his proceedings, retaining a new attorney who in 2014 unsuccessfully attempted to obtain consent from the government to file a joint motion to reopen. And, he argued, his diligence continued through to the filing of his third motion to reopen in 2019.

The BIA affirmed the IJ's decision to deny reconsideration and dismissed Gispert de Armas's appeal. The BIA agreed with the IJ that Gispert de Armas failed to demonstrate diligence in pursuing his rights to reopen his proceedings because he had not filed a motion pursuant to *Ruiz-Turcios* until 2019, six years after he should have been aware that he could raise an equitable tolling claim.

Gispert de Armas has petitioned for review.

6

II.

We review the BIA's decision as the final judgment, except that we review the IJ's decision as well to the extent the BIA expressly adopted it. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Ordinarily, we review the BIA's denial of a motion to reopen for an abuse of discretion. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). However, where the movant has been found removable for having committed an aggravated felony, as Gispert de Armas has, our jurisdiction is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D); *Patel v. U. S. Att'y Gen.*, 334 F.3d 1259, 1262–63 (11th Cir. 2003). The application of the diligence standard for equitable tolling to undisputed facts is a question of law. *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1069 (2020).

The parties are essentially in agreement about the facts surrounding the prior proceedings and Gispert de Armas's efforts to pursue certain claims within those proceedings. Because the application of the equitable tolling standard to these facts is a legal question, we have jurisdiction over this petition despite the aggravated felony bar.

III.

Gispert de Armas argues that the BIA erred in concluding that he had not established diligence sufficient to warrant equitable tolling. For the following reasons, we cannot agree.

We have not issued a published decision on whether the time and number limitations for filing a special motion to reopen under 8 C.F.R. § 1003.44 are subject to equitable tolling. In 2013, however, we held that the deadline for filing a *statutory* motion to reopen is a non-jurisdictional claim-processing rule that is subject to equitable tolling. *See Avila Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1361-65 (11th Cir. 2013) (en banc). And in *Ruiz-Turcios*, issued shortly after *Avila-Santoyo*, a panel of this Court considered whether the number limitation on a statutory motion to reopen—limiting a noncitizen to one such motion—was similarly non-jurisdictional. 717 F.3d at 849–51. Although we ultimately remanded for the BIA to consider the issue in the first instance, we noted that there was nothing in the statutory language or scheme suggesting that the number bar was meant as a jurisdictional limitation, especially given that it was enacted together with the time limitation held to be non-jurisdictional in *Avila-Santoyo*. *Id.* at 850–51.

Equitable tolling generally requires a litigant to show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

8

in his way." *Id.* at 849–51. "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). We have opined that "waiting more than three years to seek to set aside [a] deportation order after the means to challenge that order became available does not demonstrate diligence" for equitable tolling purposes. *United States v. Watkins*, 880 F.3d 1221, 1226 n.2 (11th Cir. 2018). And we have explained that a party seeking equitable tolling based on ineffective assistance of counsel must still "explain why [he] waited that long." *Id.*

Here, the BIA did not err in affirming the denial of Gispert de Armas's motion for reconsideration of the order denying his motion to reopen. Gispert de Armas does not qualify for equitable tolling because he did not establish that he diligently pursued his rights for the entire period leading up to his 2019 motion to reopen. In particular, even assuming Gispert de Armas diligently pursued his rights from 2005 through 2012, he made no showing that he was diligent between 2013—when our Court gave him solid legal ground for making his equitable tolling argument—and 2019, which he filed a motion raising that ground. In support of his argument that he was diligent during this time, Gispert de Armas notes that in 2014 he attempted to obtain the government's approval to file a joint motion to reopen. Even so, he has failed to explain why he waited so long after that attempt failed to file a motion to reopen arguing equitable tolling. *Id.*

9

Because we cannot conclude that the BIA erred, we deny Gispert de Armas's petition.

**PETITION DENIED.**