[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10846

Non-Argument Calendar

_____

VILMA CAROLINA RODRIGUEZ-URBINA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-794-237

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Upon review of the record and the parties' responses to the jurisdictional questions, the government's motion to dismiss the petition for review for lack of jurisdiction is GRANTED, and this petition for review is DISMISSED. Vilma Rodriguez-Urbina seeks review of the Board of Immigration Appeals' ("BIA") order summarily dismissing her appeal from the Immigration Judge's ("IJ") *in absentia* removal order for lack of jurisdiction. In that order, the BIA explained that she needed to file a motion to reopen and rescind with the IJ and invited her to do so. Accordingly, the BIA's order summarily dismissing her appeal for lack of jurisdiction is not a final order of removal. *See* INA § 242(a)(1), 8 U.S.C. § 1252(a)(1); *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005) (explaining that, in immigration cases, we have jurisdiction to review only final orders of removal); *Adefemi v. Ashcroft*, 358 F.3d 828, 831 n.2 (holding that a BIA order recognizing the need for or inviting further administrative proceedings is not final until the alien has exhausted those further administrative remedies), *rev'd on other grounds*, 386 F.3d 1022, 1024 n.2 (11th Cir. 2004) (en banc) (incorporating the jurisdictional opinion and holding from the prior panel).

Additionally, Rodriguez-Urbina seeks review of the BIA's order denying her motion to reopen or reconsider its dismissal order. The BIA's dismissal order, however, did not order Rodriguez-

Urbina's removal, and the BIA did not exercise jurisdiction to review the IJ's *in absentia* removal order. *See* INA §§ 101(a)(47)(A), 240(c)(1)(A), 8 U.S.C. §§ 1101(a)(47)(A), 1229a(c)(1)(A); *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1272 n.16 (11th Cir. 2020) (explaining that final orders of removal encompass rulings made by the IJ or BIA that affect the validity of the final order of removal). Accordingly, Rodriguez-Urbina's motion to reopen or reconsider, which argued the BIA erred in finding it lacked jurisdiction, did not seek to reopen or reconsider a final order of removal, and we lack jurisdiction to review the BIA's order denying that motion. *See Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1261 (11th Cir. 2003) (explaining that the jurisdictional grant in 8 U.S.C. § 1252(a)(1) implicitly provides courts with jurisdiction to review the denials of motions to reopen or reconsider final orders of removal).