**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13804

Non-Argument Calendar

_____

GEORGINA IVETH ESCOBAR-CONTRERAS,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A240-309-402

_____

Before ROSENBAUM, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Georgina Iveth Escobar-Contreras petitions for review of the immigration judge's ("IJ") May 1, 2023, in absentia order that she be removed to Nicaragua, as well as the IJ's October 1, 2025,

order denying her motion to reopen proceedings. She filed her petition prior to the Board of Immigration Appeals ("BIA") adjudicating her pending appeal of the IJ's order denying reopening. The government moves to dismiss the petition, arguing that the agency has not yet entered a final, reviewable order.

In immigration cases, we generally have jurisdiction only to review final orders of removal. *See* 8 U.S.C. § 1252(a)(1); *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005). We have held that implicit within this jurisdictional grant, we can also review agency decisions regarding related motions, such as motions to reopen. *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1261 (11th Cir. 2003). We review only the BIA's decision unless it has expressly adopted the IJ's decision. *Diaz-Arellano v. U.S. Att'y Gen.*, 120 F.4th 722, 725 (11th Cir. 2024).

An alien who fails to appear at a removal hearing after being provided the required written notice "shall be ordered removed in absentia" if the government provides by clear, unequivocal, and convincing evidence that the alien is removable and that the written notice was provided. 8 U.S.C. § 1229a(b)(5)(A). An order of removal entered in absentia is final "immediately upon entry." 8 C.F.R. § 1241.1(e). An alien who is the subject of an in absentia removal order may not appeal the order directly to the BIA. 8 C.F.R. § 1240.15 ("[A]n appeal shall lie from a decision of an immigration judge to the [BIA], except that no appeal shall lie from an order of removal entered in absentia."). Instead, her avenue to challenge the order is to move the IJ to reopen proceedings. 8

U.S.C. § 1229a(b)(5)(C).  If the IJ denies the motion, she may then appeal that decision to the BIA.  *See id.*; 8 C.F.R. §§ 1003.1(b)(3), 1240.15.

In *Riley v. Bondi*, which concerned a final administrative order of removal ("FARO"), the Supreme Court held that "[b]ecause an alien in streamlined removal proceedings cannot seek review of his FARO before an IJ or the BIA, the period to seek review expires as soon as the FARO is issued," and thus, the 30-day period to petition for review runs from entry of the FARO.  606 U.S. at 267-72 (quotation marks omitted and alterations accepted).  The Court explained that although after issuance of the FARO, Riley pursued deferral of removal under the Convention Against Torture ("CAT") before an IJ and the BIA, final agency orders concerning only CAT relief "do not disturb the finality of an otherwise final order of removal," and the time to petition for review of the removal order thus runs from entry of the FARO.  *Id.* at 264-72.  It reasoned that because "[t]he finality of [an] order of removal . . . does not depend in any way on the outcome of . . . withholding-only proceedings," aliens who are the subject of a FARO must petition for judicial review within 30 days of the FARO's issuance.  *Id.* at 267-72; *see also Nasrallah v. Barr*, 590 U.S. 573, 582 (2020) ("A CAT order does not disturb the final order of removal . . . .  An order granting CAT relief means only that, notwithstanding the order of removal, the noncitizen still may be removed at any time to another country where he or she is not likely to be tortured.").

Here, there is not yet a final agency decision on removal for us to review. Although Escobar-Contreras appealed the IJ's order denying reopening to the BIA, she petitioned us for review of the order prior to the BIA adjudicating her appeal. Because the BIA has not expressly adopted the IJ's order, there is no final agency decision for us to review. *See Diaz-Arellano*, 120 F.4th at 725; *Jagger-nauth*, 432 F.3d at 1350.

The Supreme Court's decision in *Riley* does not change this conclusion. *Riley* involved post-removal order proceedings that did not concern, and could not disturb, the validity of the removal order—withholding-only proceedings on a CAT claim. *See Riley*, 606 U.S. at 264-72; *Nasrallah*, 590 U.S. at 582. Here, in contrast, Escobar-Contreras's post-removal order proceedings concern only the validity of the removal order, as she seeks to reopen the proceedings that produced that order and, ultimately, avoid removal altogether. Because the BIA has not expressly adopted the IJ's order—or issued any decision—there is no final agency decision on removal for us to review.

Accordingly, we **GRANT** the government's motion and **DISMISS** the petition. Escobar-Contreras's motion for stay of removal is **DENIED** as moot.