[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12511
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2011
JOHN LEY
CLERK

Agency No. A094-858-632

OSTILIO PAGUADA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 19, 2011)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ostilio Paguada, a native and citizen of Honduras, seeks review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for withholding of removal under the Immigration and Nationality Act. Paguada was initially charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who had not been admitted or paroled. Subsequently, the government added a second charge of removability under 8 U.S.C. § 1182(a)(2)(A)(i)(II), for being an alien who was convicted of a controlled substance offense. Paguada was found removable on both grounds and sought, as a form of relief, withholding of removal[1] on the basis that, as a person with HIV/AIDS, he fears that he will be persecuted in Honduras.

In his petition for review, Paguada raises the same two claims that he raised before the BIA, and which the BIA denied. First, he argues that his right to due process under the Fifth Amendment was violated during the immigration court hearing because comments between witnesses, the government, and the IJ were not completely and simultaneously translated. Second, Paguada argues that, based on the record evidence, the BIA erred in determining that he had not established that it was more likely than not that he would be persecuted on account of his HIV

---

[1] Paguada also sought asylum and relief under the United Nations Convention Against Torture, both claims which were denied and are not at issue in this appeal.

status should he be removed to Honduras.

When examining a petition for review, "we must first consider whether we have subject matter jurisdiction to hear the petition at all." *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004). We review subject matter jurisdiction *de novo*. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). Because the IJ found Paguada removable, in part, based on his conviction of a controlled-substance offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II), we only have jurisdiction to review his petition to the extent that he raises constitutional claims and questions of law. *See Garces v. U.S. Att'y Gen.*, 611 F.3d 1337, 1343-44 (11th Cir. 2010) (no jurisdiction to review a final order of removal when an alien is removable for having committed an offense involving a controlled substance);[2] *but see* 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law.").

Accordingly, we are without jurisdiction to review Paguada's claim that the BIA erred in determining, based on the record, that he failed to establish that it is more likely than not that he will be persecuted in Honduras based on his HIV

---

[2] Although the IJ did grant Paguada's application for voluntary departure, she also entered an alternate order of removal, thereby raising the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(C).

3

status. Whether Paguada has established that it is more likely than not that he will be persecuted for purposes of withholding of removal is a factual determination, *see Fahim v. U.S. Att'y Gen.,* 278 F.3d 1216, 1218 (11th Cir. 2002), not one that raises a constitutional claim or question of law, and therefore is not reviewable in this case where Paguada is removable for having committed a controlled substance offense. *See* 8 U.S.C. § 1252(a)(2)(C), (D).

Paguada's due process claim is, however, a constitutional claim for which we retain jurisdiction to review *de novo*. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). "To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341-42 (11th Cir. 2003). To establish substantial prejudice, an alien must show that the outcome of their proceeding would have been different but for the due process violation. *See Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003).

Even if we agree with Paguada that parts of the immigration court hearing were not translated completely and simultaneously, we still must deny his claim because he has failed to show that any translation deficiency caused him substantial prejudice. Other than generalized statements in his brief that he has a

4

right to a fair hearing and should be allowed to create a full record, Paguada fails to show how the outcome of his removal proceeding would have been different, but for the deficiencies he alleges.

**PETITION DISMISSED, in part, and DENIED, in part.**