[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15178
Non-Argument Calendar

_____

Agency No. A091-084-741

AIDEN IFEANYI ANUFORO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 6, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Aiden Ifeanyi Anuforo petitions this Court for review of the Board of Immigration Appeals' (BIA) order denying his motion to reopen removal proceedings and motion for reconsideration.  Through these motions, Anuforo sought review of the BIA's prior order affirming the Immigration Judge's (IJ) denial of his application for cancellation of removal, filed pursuant to 8 U.S.C. § 1229b(a).  On petition for review, Anuforo argues the BIA erred by denying his motions because the BIA failed to adequately account for his positive equities and failed to consider significant evidence regarding both his and his wife's serious medical issues.[1]  After review, we dismiss Anuforo's petition in part and deny the petition in part.

I.

As an initial matter, we review our subject matter jurisdiction *de novo*. *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221 (11th Cir. 2006).  We do not have jurisdiction to review any judgment regarding the grant of cancellation of removal pursuant to 8 U.S.C. § 1229b.  8 U.S.C. § 1252(a)(2)(B)(i).  Despite this jurisdictional bar, we retain jurisdiction over such judgments to the extent the petitioner raises constitutional claims or questions of law.  8 U.S.C.

---

[1]  We decline to address the additional arguments Anuforo raises for the first time in his reply brief.  *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283 n.12 (11th Cir. 2001) (holding that a petitioner abandons issues by failing to raise them in his initial brief).

§ 1252(a)(2)(D).  We have explained that, where we are without jurisdiction to consider an attack on a final order of removal, we also lack jurisdiction to consider an attack by means of a motion to reopen or motion for reconsideration.  *See Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1261-62 (11th Cir. 2003).

Here, our reasoning in *Patel* controls.[2]   In the underlying proceedings, Anuforo sought cancellation of removal pursuant to § 1229b(a), and had he sought review of the BIA's original order denying his application, § 1252(a)(2)(B)(i) would have deprived us of jurisdiction to consider his petition.  Thus, § 1252(a)(2)(B)(i) also precludes us from reviewing his attempt to challenge that order through a motion to reopen or motion to reconsider.  *See Patel*, 334 F.3d at 1262.  To the extent Anuforo argues the BIA abused its discretion by denying his motions, we must dismiss the petition for lack of jurisdiction.

II.

---

[2]  The Supreme Court recently explained that federal courts generally have jurisdiction to review orders denying motions to reopen.  *Kucana v. Holder*, 130 S. Ct. 827, 840 (2010).  The Supreme Court reserved judgment as to whether a federal court may review a motion to reopen if it would lack jurisdiction to review the petitioner's underlying claim for relief.  *Id.* at 839 n.17.  Thus, *Kucana* does not affect the validity of *Patel*, which remains binding precedent in this Circuit.  *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (explaining that a published decision of this Court "is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").

3

As noted above, the jurisdictional limitations in § 1252(a)(2)(B)(i) do not preclude us from reviewing constitutional or legal claims.  8 U.S.C. § 1252(a)(2)(D).  An alien cannot, however, present a challenge to evidentiary sufficiency as a meaningful question of law.  *Garcia v. U.S. Att'y Gen.*, 329 F.3d 1217, 1222 (11th Cir. 2003).  Nor may an alien frame "a garden-variety abuse of discretion argument" as a question of law to circumvent the jurisdictional bar in § 1252(a)(2).  *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1196-97 (11th Cir. 2008).

In this case, although we retain jurisdiction over constitutional or legal claims, the arguments raised by Anuforo in his petition effectively ask us to review the BIA's weighing of the positive and negative factors presented in both the underlying proceedings and the motions to reopen and to reconsider.  Despite his characterization of these arguments as questions of law, Anuforo really challenges the BIA's conclusion that he was not entitled to a favorable exercise of discretion, a determination that we lack jurisdiction to review.  *Alvarez Acosta*, 524 F.3d at 1196-97.

To the extent Anuforo raises a question of law regarding the BIA's failure to consider evidence of both his and his wife's recent illnesses, this argument is without merit.  The BIA may not engage in factfinding on appeal; rather "[a] party

4

asserting that the [BIA] cannot properly resolve an appeal without further factfinding must file a motion for remand." 8 C.F.R. § 1003.1(d)(3)(iv).  Here, the medical evidence was never properly presented to the BIA because it was not accompanied by a motion to remand the matter to the IJ.  Thus, the BIA did not err in failing to consider Anuforo's medical evidence because it was precluded by regulation from doing so.

**PETITION DISMISSED IN PART, DENIED IN PART.**