[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14353
Non-Argument Calendar
_____

Agency No. A094-804-339

JORGE BOGAR FERNANDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 23, 2013)

Before DUBINA, Chief Judge, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner Jorge Bogar Fernandez seeks review of the 2012 dismissal order

of the Board of Immigration Appeals ("BIA"), to reopen his removal proceedings.

He argues, *inter alia*, that the immigration judge ("IJ") and BIA erred by applying

the wrong standard of review.[1]

I.

Fernandez, a native citizen of Mexico, entered the United States at an

unknown date. The Department of Homeland Security ("DHS") served him with a

notice to appear ("NTA") charging him as removable under INA § 212(a)(6)(A)(i),

8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being

admitted or paroled, and an alien who did not possess a valid, unexpired document

of identity and nationality as required by INA § 212(a)(7)(A)(i)(I),

8 U.S.C. § 1182(a)(7)(A)(i)(I). In November 2009, he conceded removability and

indicated that he would seek cancellation of removal under INA § 240A(b),

8 U.S.C. § 1229b(b), and that in 2001, a relative had filed an I-130 petition on his

behalf, which was still pending.

The agency scheduled a removal hearing, but Fernandez moved for several

continuances, until a master hearing was finally held in March 2010, where he

again asserted that he intended to seek relief under INA § 240A(b). Fernandez

later moved twice for extensions of time to file the necessary forms and filing

---

[1] We note that although Fernandez also challenges the merits of his 2010 removal order, we lack jurisdiction to consider those arguments because he failed to file a timely petition for review designating that order. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

receipt for his § 240A(b) application.  The IJ granted both motions and set a final

deadline ordering him to file his application and receipt by November 1, 2010, or

his application would be considered abandoned.  Fernandez did not file a

§ 240A(b) application or move for another extension before the IJ's deadline.

In December 2010, the IJ determined that removability had been

demonstrated by clear and convincing evidence, noting that Fernandez still had not

filed an application for relief from removal or the required proof of eligibility,

despite indicating his intention to do so in November 2009.  The IJ also noted that

there was no evidence of any I-130 petition.  Because Fernandez never filed an

application for relief and there was no other *prima facie* evidence of relief pending,

the IJ determined that he had abandoned his claim for cancellation of removal

under INA § 240A(b) along with any relief concerning the purported I-130

petition.  Accordingly, the IJ ordered Fernandez removed to Mexico.

Fernandez did not appeal the IJ's decision to the BIA or file a petition for

review.  Instead, on December 23, 2010, he moved, through counsel, to reopen his

removal proceedings and sought a stay of removal, arguing that his attorney had

problems trying to pay the filing fee and getting the fee receipt that was required to

submit his application.  Fernandez argued that the IJ should grant his motion to

reopen and give him more time to apply for cancellation of removal, for which he

contended that he was eligible, or other forms of relief.

The IJ declined to grant a stay of removal, and, in a supplemental filing, Fernandez asserted that due to economic, personal, and emotional problems during the past year, he had trouble participating in his removal case and working with his attorney, but he was now able to do so.  He contended that he had since filed a § 240A(b) application.

The IJ denied Fernandez's motion in 2011, noting that he had been given numerous opportunities to file an application for relief from removal but he did not do so until a removal order was entered against him.  The IJ determined that, based on the evidence Fernandez had submitted with his motion, he failed to carry his burden for reopening because, among other things, the documents and evidence submitted were available and could have been presented earlier in the proceedings.

Fernandez appealed to the BIA, designating only the denial of his motion to reopen.  He contended that he met the requirements for cancellation of removal under § 240A(b) and noted counsel's multiple attempts to pay the filing fee.

The BIA dismissed Fernandez's appeal in 2012.  The BIA agreed with the IJ's conclusion that he failed to establish that the evidence he wanted to present was new, previously unavailable, and could not have been presented during prior hearings, especially because the IJ gave him ample notice and multiple opportunities to apply for relief from removal.  It appeared that he had some problems submitting his application, but the BIA contended that Fernandez had

4

intended to do so since at least November 2009 and failed to file an application even after receiving approximately two years of continuances.

Fernandez then filed the instant petition for review, designating only the BIA's 2012 order.

## II.

We have jurisdiction to determine our own jurisdiction and are required to do so whenever jurisdiction may be lacking. *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005); *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir. 2003). The exhaustion requirement in the INA is jurisdictional and precludes review of a claim that was not presented to the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249-50 (11th Cir. 2006).

When appropriate, we will review the denial of a motion to reopen a removal order for abuse of discretion. *Contreras-Rodriguez v. U.S. Att'y Gen.*, 462 F.3d 1314, 1316 (11th Cir. 2006). The scope of review, however, is limited to determining whether there was an exercise of administrative discretion and if it was "arbitrary or capricious." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). In general, an alien may file one motion to reopen proceedings within 90 days of the date of entry of a final administrative order of removal, and it needs to state the new facts that will be proven at the hearing and provide all supporting affidavits or other evidence. *See* INA § 240(c)(7), 8 U.S.C. § 1229a(c)(7). This

90-day requirement is "mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1150 (11th Cir. 2005). Such motions are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25, 116 L. Ed. 2d 823 (1992).

An alien may file a motion to reopen with the BIA in order to present evidence that was unavailable at the time of his removal proceedings. *See* INA § 240(c)(6), 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(c)(1). A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(A), (B), 8 U.S.C. § 1229a(c)(7)(A), (B); *Verano-Velasco v. U.S. Att'y Gen.*, 456 F.3d 1372, 1376 (11th Cir. 2006). Motions to reopen may be granted if there is new evidence that is material, was not available, and could not have been discovered or presented at the removal hearing. *See* 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3); *see also Abdi*, 430 F.3d at 1149. To make such a showing, the alien "bears a 'heavy burden,' and must 'present evidence of such a nature that the [BIA] is satisfied that if proceedings before the [IJ] were reopened, with all attendant delays, the new evidence offered would likely change the result in the case.'" *Ali v. U.S. Att'y Gen.*, 443 F.3d at 813.

6

Evidence is "new" if it "was unavailable or could not have been presented at [the applicant's] former hearing" before an IJ. *Verano-Velasco*, 456 F.3d at 1377 (rejecting the government's contention that evidence which became available prior to the BIA's decision was not "new" because it was material to the very crux of the asylum application).

We conclude from the record here that the IJ and BIA did not abuse their discretion by denying Fernandez's motion to reopen. First, because the merits of Fernandez's potential § 240A claim were never examined by the IJ or the BIA, we lack jurisdiction over his arguments regarding the substance of his potential claim. *Amaya-Artunduaga*, 463 F.3d at 1249-50. Second, Fernandez failed to exhaust his arguments that (i) the IJ applied the wrong standard of review, (ii) several letters were new, material evidence, and (iii) he was eligible for voluntary departure, because he did not raise them before the BIA. *Id.* Therefore, to the extent that he discusses matters over which we do not have jurisdiction, we dismiss the petition.

Finally, we do have jurisdiction over Fernandez's petition to the extent that he challenges the denial of his motion to reopen. The background of his case involves discussion of cancellation of removal under INA § 240A, which is a discretionary determination that we ordinarily cannot review directly or through a motion to reopen or to reconsider, but here neither the IJ nor the BIA ever considered the merits of Fernandez's potential claim because it appears that he

7

never actually filed an application for relief.  INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); s*ee Patel*, 334 F.3d at 1262.

Fernandez presents some properly exhausted argument concerning his motion to reopen, and, as noted above, we have jurisdiction to review that portion of his petition.  He does not explicitly state what he considers to be new evidence, but mentions correspondence between counsel and immigration officials.  He fails to indicate, however, why those documents are material to the case or why they could not have been introduced earlier in the proceedings, particularly because several of the letters were dated *before* the IJ's final deadline.

For the aforementioned reasons, we dismiss the petition in part, and deny the petition, in part.

**PETITION DISMISSED in part and DENIED in part.**

8