[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17308
Non-Argument Calendar

_____

Agency No. A046-874-207

JAWAD ALI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 10, 2017)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Jawad Ali petitions this Court for review of the Board of Immigration

Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his

motion to reopen and to reconsider his removal proceedings.  After careful consideration, we dismiss in part and deny in part the petition for review.

## I.

## A.

Ali is a native and citizen of Pakistan.  On October 27, 1998, when Ali was thirteen years old, he was admitted to the United States as a lawful permanent resident.  He lives in Cartersville, Georgia and works as a technician at a foam processing plant.

On December 16, 2008, Ali pled guilty in a Georgia state court to forgery in the first degree in violation of O.C.G.A. § 16-9-1.  In September 2013, Ali left the United States—for the first time since his 1998 arrival—to attend a wedding in the United Arab Emirates.  On October 1, 2013, Ali arrived at Dallas/Fort Worth International Airport and applied for admission as a lawful permanent resident.  Ali was detained at the airport by the Office of Customs and Border Patrol because he had a prior felony conviction.  The Department of Homeland Security served Ali with a Notice to Appear, charging him as inadmissible to the United States for having committed a crime involving moral turpitude.  See 8 U.S.C. § 1182(a)(2)(A)(i)(I).

On October 25, 2013, Ali married Jessika L. Summey (now "Jessika Ali"),[1] a United States native and citizen. The couple live together in Cartersville. On July 23, 2014, Jessika Ali filed a Petition for Alien Relative on behalf of her husband.

Jessika Ali has not worked since 2013, and suffers from depression and hallucinations. She has two young daughters, Lily Lemke and Macy Summey, who are now living with other family members. Ali provides financial support for his wife and her children, including the child support payments that Jessika Ali is obligated to make.

Ali also provides financial and emotional support for his mother, Nusrat Jabeen, who is a United States citizen. She suffers from schizophrenia and obsessive compulsive disorder. She does not work and is completely dependent on the care of her children, including Ali.

B.

On June 16, 2014, Ali filed a pleading in which he admitted to his forgery conviction, but sought a relief waiver from inadmissibility. Under 8 U.S.C. § 1182(h)(1)(B), an alien whose spouse or parent is a United States citizen is eligible for a waiver if the alien establishes that denial of admission would result in extreme hardship to the citizen. Ali argued that if he is forced to leave the United

---

[1] Documents in the record alternatively spell her name as "Jessica" or "Jessika." Because Ali refers to her as "Jessika," the Court will as well.

States it would be too dangerous for his wife to come to Pakistan, and therefore she would remain behind. As she does not work, and is dependent on Ali for emotional and financial support—including for her medication and child support payments—his absence would constitute extreme hardship.[2] Ali further argued that his mother would suffer, as she depends on him for financial support and medical care. Ali filed evidence in support of these claims, including copies of his wife's and mother's medical records and character references from coworkers and his landlord.

On February 19, 2015, the IJ held a merits hearing and received testimony. The hearing was continued until April 3, 2015, and Ali returned with additional copies of financial records and affidavits in support of his petition.

The IJ denied Ali's waiver petition and ordered him removed to Pakistan. On May 4, 2015, Ali filed a motion for reconsideration and to reopen the removal proceedings. He argued again that his wife and mother would endure extreme hardship if he were removed. In support, he attached additional medical records and affidavits from various family members.

The IJ denied Ali's motion to reconsider and to reopen. The IJ first noted that reconsideration would be appropriate only if the previous decision relied on

---

[2] Ali asserted that his wife could not stay with her mother because it would interfere with the legal custody arrangement for one of her daughters, and that she could not stay with other relatives "because she does not get along with them."

4

incorrect law or irrelevant facts, whereas the proceedings could be reopened if the petitioner presented additional evidence that was previously undiscoverable. Because Ali argued there were sufficient existing facts in the initial record for a waiver to be granted, the IJ held that reconsideration was not warranted. Next, the IJ held that the new evidence submitted by Ali did not warrant reopening the proceedings because that evidence was not unavailable or undiscoverable at the time of his initial hearing. The IJ further held that, even if Ali's new evidence were accepted, a waiver would still not be appropriate because the evidence provided was "largely illegible" and did not establish a reliable prognosis for his wife's or mother's future medical condition. The IJ explained that, at the time the initial hearing was continued, she "was very explicit that [she] could not assume hardship to Ms. Ali and Ms. Jabeen in the future based on a current diagnosis, without a prognosis for their future medical situations."

Ali filed a notice of appeal to the BIA. Ali argued that the IJ erred as a matter of law and fact in concluding that he did not meet his burden of establishing extreme hardship. He specifically asserted that "[t]he IJ failed to consider the totality of the evidence" and that the IJ "assigned a much higher standard of hardship tha[n] is normally required for a waiver."

While his appeal was still pending, Ali received a full pardon for his forgery conviction from the Georgia State Board of Pardons and Paroles. On July 14,

2016, he filed a second motion to reopen the removal proceedings with the BIA based on the pardon.

The BIA affirmed and adopted the IJ's denial of Ali's motion to reconsider and to reopen. It agreed with the IJ's findings that the new evidence Ali submitted was not unavailable or undiscoverable at the time of the initial motion, and that Ali's evidence failed to address the IJ's specific evidentiary concerns when the initial hearing was postponed. It also affirmed the IJ's finding that the motion for reconsideration was based on evidence already in the record and thus did not allege sufficient legal error to warrant reconsideration. In sum, the BIA "agree[d] with the Immigration Judge [] that under the present facts having to change residences and seeking financial support does not rise to the level of extreme hardship."

The BIA also denied Ali's second motion to reopen the proceedings. It held that because Ali previously filed a motion to reopen, his second such motion was barred from consideration. The BIA also noted that, while a pardon can waive certain grounds of deportability, it does not waive criminal grounds of inadmissibility, meaning Ali was still considered to have been convicted of a crime for immigration law purposes.

Ali appealed the decision of the BIA to this Court.

II.

A.

Before proceeding to the merits of Ali's petition we are obligated to inquire into our own subject-matter jurisdiction.  Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1283 (11th Cir. 2007) (per curiam).  This Court has limited jurisdiction to consider an appeal from the BIA. While we generally have jurisdiction to review the BIA's final orders of removal,[3] see 8 U.S.C. § 1252(a)(1), we are precluded under 8 U.S.C. § 1252(a)(2) from reviewing certain types of claims.  For instance, 8 U.S.C. § 1252(a)(2)(C) provides that "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a [disqualifying] criminal offense."  Disqualifying offenses include crimes involving moral turpitude.  8 U.S.C. § 1182(a)(2)(A)(i)(I).

Another restriction explicitly prevents the Court from reviewing the denial of a hardship waiver.  See 8 U.S.C. § 1252(a)(2)(B)(i) (precluding review of "any judgment regarding the granting of relief under [8 U.S.C. §] 1182(h)," which is the hardship waiver provision).  The Court is also prevented from reviewing any discretionary immigration decisions.  See 8 U.S.C. § 1252(a)(2)(B)(ii).  Even where an applicant establishes that a citizen-relative would endure extreme

---

[3] This includes the ability to review orders that deny motions to reconsider or reopen a final order of removal.  See Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1261 (11th Cir. 2003).

7

hardship, the Attorney General retains discretion to deny the waiver, and that decision is therefore not subject to appellate judicial review.  See 8 U.S.C. § 1182(h)(2); cf. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003) (per curiam) ("[T]he exceptional and extremely unusual hardship determination is a discretionary decision not subject to review.").

Despite these restrictions, we retain jurisdiction to review non-discretionary legal decisions that pertain to statutory eligibility for discretionary relief. Gonzalez-Oropeza, 321 F.3d at 1332.  We also retain jurisdiction to decide "constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(D); Arias, 482 F.3d at 1284.

If jurisdiction exists, we review the denials of motions to reopen or to reconsider for abuse of discretion.  Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009); Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003).  When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  When the BIA explicitly agrees with the findings of the IJ, we review the decision of both the BIA and the IJ as to those issues.  Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010).  Here, because the BIA agreed with the IJ's findings, and made additional observations, we review both decisions to the extent our jurisdiction permits.

B.

Ali asks this Court to review the BIA's decision affirming the IJ's denial of his motion to reopen and for reconsideration.  He argues that both the IJ and the BIA failed to consider the relevant evidence, which he contends should include the Petition for Alien Relative filed by his wife.  According to Ali, if the IJ and BIA had considered all the evidence, they would not have found him removable.

We lack jurisdiction to review many aspects of these claims.  We cannot review a decision finding Ali removable based on a disqualifying crime, 8 U.S.C. § 1252(a)(2)(C), nor can we review the discretionary decision to grant a hardship waiver, 8 U.S.C. § 1252(a)(2)(B)(i), (ii).

Ali does not present any constitutional challenges to the IJ or BIA decisions.  Nor does he present any legal claims.  For example, he does not argue that either the IJ or BIA applied an incorrect standard of law, nor does he challenge the designation that his conviction was a crime involving moral turpitude.[4]  Instead, he challenges the result obtained when the IJ and BIA applied the correct law to the facts of his case.  This Court cannot review that discretionary decision in a waiver case.

Even if Ali's claim that the IJ and BIA erroneously ignored certain evidence could be considered a legal claim, he would still not be entitled to relief.  In

---

[4] In his initial filings, Ali admitted the allegations in the Notice to Appear, including that he had committed a crime of moral turpitude.

reviewing whether the BIA abused its discretion, "[o]ur review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Montano Cisneros v. U.S. Att'y Gen., 514 F.3d 1224, 1226 (11th Cir. 2008) (quotation omitted). The IJ's and BIA's decisions applied the correct standard regarding motions to reopen and reconsider, and provided ample support for the conclusion that relief was not warranted. Based on this record, we cannot conclude that the BIA's decision was arbitrary or capricious.

For these reasons we will dismiss the portions of Ali's petition that raise the denial of his hardship waiver and the denial of his initial motion to reopen and to reconsider.

## C.

There is one aspect of Ali's petition that we have jurisdiction to review: the BIA's decision to reject his second motion to reopen the removal proceedings. The BIA explained it was denying the motion because Ali had already filed a motion to reopen, and petitioners are limited to one such motion.[5] This portion of the decision constitutes a non-discretionary legal decision, and the Court may

---

[5] The BIA indicated that because the motion was filed during the pendency of an appeal to the BIA it "is treated as a motion to remand." However the BIA ultimately dismissed the motion because it was "respondent's second motion to reopen" and therefore was "number-barred."

review such a decision when it pertains to statutory eligibility for discretionary relief.  Gonzalez-Oropeza, 321 F.3d at 1332.

The BIA did not abuse its discretion in denying the motion.  Petitioners are limited to just one motion to reopen and one motion to reconsider removal proceedings.  8 U.S.C. § 1229a(c)(6)(A), (7)(A); 8 C.F.R. § 1003.2(b)(2), (c)(2).  It is abundantly clear from the record that Ali previously filed a motion to reopen and to reconsider.  Therefore Ali could not file this second motion, and the BIA did not err in denying it.

### III.

Because Ali committed what is deemed a crime involving moral turpitude, he is a removable alien and we lack jurisdiction to review the BIA's affirmance of the IJ's denial of his motion to reopen and to reconsider.  See 8 U.S.C. § 1252(a)(2)(C).  Beyond that, the BIA did not abuse its discretion in denying Ali's second motion to reopen because Ali had previously filed a motion to reopen.  See 8 U.S.C. 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2).

**PETITION DISMISSED IN PART, DENIED IN PART.**

11