[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12074
Non-Argument Calendar
_____

Agency No. A075-398-105

DANIEL BILEK,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 21, 2019)

Before MARTIN, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Daniel Bilek petitions this Court for review of the Board of Immigration Appeals' denial of his motion to reopen *sua sponte* his removal proceedings. He argues that because of a defective order to show cause, the BIA and the Immigration Judge lacked jurisdiction over the removal proceedings. He also argues that because of the defective order and subsequent hearing in his absence, he was denied due process of law. Finally, he argues that the Immigration Judge and BIA committed legal errors in reviewing his motion to reopen *sua sponte*—first, by imposing improper time limits and, second, by incorrectly interpreting their authority to reopen.

For the reasons below, we deny his claim that the BIA and the Immigration Judge lacked jurisdiction over the removal proceedings, and we dismiss the remaining claims for lack of subject-matter jurisdiction.

**I**

Mr. Bilek, a native and citizen of the Czech Republic, entered the United States as a non-immigrant visitor on or about January 20, 1997. On February 4, 1997, the Immigration and Naturalization Service served him with an order to show cause and notice of a hearing, alleging that he was employed for wages without authorization and subject to deportation.

The order to show cause did not include a date, time, or location for a hearing, but stated that a later notice would "be mailed to the address [Mr. Bilek] provided."

2

It required Mr. Bilek to "provide immediately in writing an address (and telephone number, if any) where [he] can be contacted" and "to provide written notice within five (5) days, of any change in [his] address or telephone number to the office of the Immigration Judge listed in this notice." The order also included a certification that it had been translated and read to Mr. Bilek in Czech, his native language.

On March 13, 1997, the INS sent a letter to Mr. Bilek, at the address he provided the INS. The letter included the date, time, and location of the hearing and warned that if he failed to appear, the IJ could hold the hearing in his absence and order him deported. One month later, USPS returned the notice to the Department of Justice as "refused" and "unclaimed."

Mr. Bilek did not appear for his scheduled hearing on July 22, 1997. The IJ determined that Mr. Bilek had been "duly notified of the time and place of the hearing" and ordered him deported *in absentia*. Mr. Bilek did not appeal the deportation order.

In 1999, Mr. Bilek moved to reopen his removal proceedings under INA § 240(c)(6) and 8 C.F.R. § 3.23 (now codified at 8 U.S.C. § 1229a(c)(7) and 8 C.F.R. § 1003.23). He claimed that he did not receive proper notice of the 1997 hearing because (1) the order to show cause did not include the date and time of the hearing, (2) the order did not include the signature of a certified translator, and (3) he never received a subsequent notice of the time and place of the hearing. The IJ denied his

3

motion, explaining that Mr. Bilek was responsible for notifying the authorities of any changes in address, and that the government fulfilled its responsibility by sending the subsequent notice to Mr. Bilek's last known address. Mr. Bilek did not appeal the denial of his motion to reopen and he did not petition for review in federal court.

In 2017, Mr. Bilek filed a motion in the immigration court to reopen the deportation proceedings pursuant to its *sua sponte* authority under 8 C.F.R. § 100.323(b)(1). In the motion, he argued again that he had not received proper notice of his 1997 deportation hearing. He also argued that exceptional circumstances now warranted *sua sponte* reopening. He cited his continuous presence in the United States for more than twenty years and explained that he now had a family that depended on him. He claimed there were other exceptional circumstances, such as his wife's inability to move to the Czech Republic and her major depressive disorder that would be exacerbated by his removal.

The IJ denied his motion, determining that Mr. Bilek failed to exercise due diligence for over 18 years after becoming aware of the deportation order and that he did not notify authorities of his change in address. The IJ stated that the motion was "20 years too late," while acknowledging that *sua sponte* reopening could be granted at any time for exceptional circumstances. The IJ gave no weight to Mr. Bilek's excuse that he did not know he was required to notify the court of changes

4

in his address, and determined that the fugitive entitlement doctrine precluded Mr. Bilek's motion because he had intentionally evaded law enforcement by failing to report his address.

The BIA affirmed.  It explained that because Mr. Bilek did not appeal the IJ's 1999 decision regarding adequate notice, he could not relitigate the issue in his 2017 motion to reopen *sua sponte*. It also explained that to the extent Mr. Bilek's motion was really another reopening request for new relief, that claim was long barred by the 90-day filing deadline.  *See* 8 C.F.R. § 1003.23(b)(1). Finally, the BIA determined that Mr. Bilek had not demonstrated the extraordinary circumstances required for a *sua sponte* reopening because he failed to establish that this wife could not receive treatment in the Czech Republic for her depression.  It did not address the fugitive entitlement doctrine.

Mr. Bilek then petitioned this Court for review.  He argues that under the Supreme Court's recent decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the IJ lacked jurisdiction over his removal proceedings because the order to show cause did not include the time and place of his hearing.  He also argues he was denied due process for the same reasons—that the order did not include the requisite details about the hearing and that he never received the subsequent notice.  Finally, he argues the BIA erred by applying improper time limits to his motion to reopen *sua*

5

*sponte* and by relying on the IJ's erroneous interpretation of the IJ's authority to grant motions to reopen *sua sponte.*

We held his petition in abeyance pending our decision in *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148 (11th Cir. 2019).  Having carefully reviewed the record, the briefing, and *Perez-Sanchez*, we now deny the petition in part and dismiss it in part.

## II

We begin with Mr. Bilek's claim that his 1997 deportation proceedings were void *ab initio* under *Pereira* because the order to show cause did not include the time, date, and location of his removal hearing.

In *Pereira*, the Supreme Court held that a notice to appear that does not designate the time or place of an alien's removal proceedings does not constitute a "notice to appear" under the current INA, § 1229(a), and therefore does not trigger the statute's "stop-time" rule that ends an alien's period of continuous presence in the United States.  *See* 138 S. Ct. at 2120.  Mr. Bilek argues, by extension, that if a charging document fails include the time and place of a removal hearing as required by statute, then the charging document is defective and does not vest the immigration court with jurisdiction.

We note that Mr. Bilek has not exhausted this claim in the BIA, and a petitioner's failure to exhaust a claim before the BIA ordinarily deprives us of

jurisdiction to hear it. *See* 8 U.S.C. § 1252(d)(1). *See also Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016). We held in *Perez-Sanchez*, however, that we have jurisdiction to hear an unexhausted *Pereira* claim that an agency lacked jurisdiction over removal proceedings because "[w]e always 'have jurisdiction to determine our own jurisdiction.'" *Perez-Sanchez*, 935 F.3d at 1153 (quoting *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir. 2003)). And if an "agency never had jurisdiction over [a petitioner's] removal proceedings to begin with, the entire proceeding—including the final order of removal—would be invalid, and we would have no jurisdiction to entertain his petition." *Id*. Moreover, we could not remand a question concerning our own jurisdiction to the BIA to determine in the first instance. *Id.*

In addition to establishing our jurisdiction over Mr. Bilek's *Pereira* claim, *Perez-Sanchez* also governs the merits. There we held that a notice to appear without the time and place of removal proceedings is "defective," even if "a subsequent notice of hearing is later sent and specifies the time and location of the removal hearing." *Id.* at 1154 (rejecting the BIA's interpretation in *In re Bermudez-Cota*, 27 I. & N. Dec. 441, 447 (BIA 2018), that a subsequent notice can cure a defective one). But we also held that a defective notice to appear does *not* deprive the agency of jurisdiction over the removal proceedings or render the proceedings void *ab initio*, as Mr. Bilek now claims. *See id.* at 1157. First, we determined that § 1229's time-

7

and-place requirement is a claims-processing rule, not a jurisdictional rule. *Id.* at 1154. Second, we concluded that Congress intended for the *service* of a notice to appear to initiate removal proceedings, and that "the agency was not free to redefine the point of commencement" at the *filing* of the notice to appear, as 8 C.F.R. § 1003.14 purports to do. In other words, § 1003.14 cannot and does not alter the jurisdiction of the INS. *See id.* at 1155 (explaining that an agency cannot promulgate procedural rules to limit its jurisdiction bestowed by Congress).

Mr. Bilek's claim therefore fails. And though his removal proceedings were governed by an earlier version of the notice statute, the prior version set forth nearly identical time-and-place requirements as the provision interpreted in *Perez-Sanchez* and there is no material distinction warranting a different rule. *Compare* 8 U.S.C. § 1252b(a)(2)(A)(i) (1996) ("[W]ritten notice shall be given in person to the alien . . . in the order to show cause or otherwise, of—the time and place at which the proceedings will be held . . . ."), *with* 8 U.S.C. § 1229(a)(1)(G)(i) ("[W]ritten notice (in this section referred to as a 'notice to appear') shall be given in person to the alien . . . specifying the following: . . . [t]he time and place at which the proceedings will be held.").

The primary difference between the two statutes in terms of time-and-place requirements is that § 1252b in 1996 required the agency to provide written notice of the time and place of the proceedings "in the order to show cause *or otherwise*."

8

(emphasis added).  Yet § 1229(a)(1) now refers to a single "notice to appear," which must include all the requisite information about the proceedings, *including* the time and place of the hearing.  But this difference does not affect our holding in *Perez-Sanchez* that an immigration court retains jurisdiction over proceedings initiated by a notice that is defective under a claims-processing rule.  *Perez-Sanchez* still applies, and it tells us that the IJ and BIA had jurisdiction over Mr. Bilek's deportation proceedings.[1]

### III

We next address Mr. Bilek's constitutional claim that he was denied due process of law, first, when the INS served him with a charging document in 1997 that did not specify the date and time of the hearing, and, second, when the IJ ordered him deported *in absentia*, even though he never received the subsequent notice with the place and time of the hearing.

Again, we lack jurisdiction to review final immigration orders unless "the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1).  A petitioner fails to exhaust his administrative remedies with

---

[1] Indeed, Mr. Bilek's claim would be even weaker under the earlier provision, as it permitted the INS to issue two forms of notice, so long as the subsequent notice included the date and time of the hearing.  Therefore, the statutory analysis of *Pereira* and *Perez-Sanchez—*that a notice to appear omitting the date and time is "defective" and cannot be cured by a subsequent notice— arguably would not apply to the earlier version of the statute, which explicitly allowed for two forms of notice.  In other words, under the prior provision, Mr. Bilek's order to show cause would likely not be "defective" because he was properly given the time and place of his hearing "in an order to show cause *or otherwise*"—i.e., in a subsequent notice.

respect to a claim when she does not raise that claim before the BIA.  *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

Mr. Bilek did not exhaust his constitutional due process claims as of right.  He did not appeal the 1997 removal order on any grounds—constitutional or otherwise. When he later filed a statutory motion to reopen the proceedings in 1999, he argued that had not received proper notice of the 1997 hearing.  Even if we construe this motion as a due process claim, Mr. Bilek did not appeal to the BIA the IJ's decision that he had in fact been given adequate notice.  We lack jurisdiction to consider claims that were not raised, and thus properly exhausted, in the BIA.  *See, e.g., Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 n.5 (11th Cir. 2003).

Although Mr. Bilek did eventually argue to the BIA that he was not given adequate notice of the removal proceedings, he did so 18 years later in the context of a motion to reopen *sua sponte.*  The BIA determined that the motion to reopen *sua sponte* was not the place for him to relitigate the notice issue, which was already decided and which he failed to appeal.

We have suggested that "some classes of claims" arising under the immigration laws and alleging constitutional errors may not subject to the administrative exhaustion requirement, particularly where the BIA does not have power to adjudicate those classes of claims.  *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867 (11th Cir. 2018) (citing *Sundar v. I.N.S.*, 328 F.3d 1320, 1325

10

(11th Cir. 2003)).  But "[w]here a procedural due process claim properly falls within the immigration courts' power to review and provide a remedy, the claim must be exhausted before it can be considered by this Court."  *Id.* at 868.

In *Bing Quan Lin*, we held that the petitioner's due process claim—that he never received adequate notice of a removal hearing—was "the kind of particularized challenge to process in individual case review that we've deemed subject to the exhaustion requirement."  *Id.*  Likewise, Mr. Bilek's claim that he did not receive adequate notice of his removal hearing is the type of claim that could have been raised in front of and addressed by the BIA.

In any event, in addition to determining that Mr. Bilek had not timely appealed his notice claim, the BIA concluded that he failed to demonstrate exceptional circumstances warranting a reopening *sua sponte*.  The BIA's denial of his motion to reopen *sua sponte* is a discretionary decision that we lack jurisdiction to review. *See Lenis v. U.S. Atty. Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008).

## IV

Finally, we address Mr. Bilek's claim that BIA erred as a matter of law in applying "regulatory time limits" to his motion to reopen *sua sponte* and by incorrectly interpreting the legal authority to reopen *sua sponte*.  As noted above, we lack jurisdiction to review a discretionary decision not to reopen *sua sponte*.  *See Lenis*, 525 F.3d at 1293.  Even more specifically, we have held that we lack

jurisdiction to review questions of law that are presented in a petitioner's motion to reopen *sua sponte*. *See Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1286 (11th Cir. 2016). Mr. Bilek's petition presents questions of law about the motion to reopen *sua sponte* that we cannot review.

V

For the foregoing reasons, we **DENY** Mr. Bilek's *Pereira* claim and, for lack of subject-matter jurisdiction, **DISMISS** his due process claims and claims that the BIA erred as a matter of law in addressing his motion to reopen *sua sponte*.

**PETITION DENIED IN PART AND DISMISSED IN PART.**